IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY<br>15 Mountain View Road<br>Warren, NJ 07061-1615<br><br>        Plaintiff,<br><br>v.<br><br>ALFRED KEMP, Individually and d/b/a<br>KEMP PLUMBING<br>P. O. Box 1322<br>Pembroke, MA 02359<br><br>and<br><br>MARTIN SANDBORG, Individually and d/b/a<br>SANDBORG PLUMBING AND HEATING<br>13 Liberty Street<br>Sandwich, MA 02563,<br><br>        Defendants. | CIVIL ACTION NO. 04 11975 RWZ<br><br>MAGISTRATE JUDGE Cohen<br><br>RECEIPT # 58625<br>AMOUNT $ 150<br>SUMMONS ISSUED<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 9/13/04<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff Pacific Indemnity Company, as and for its claim for relief against the defendants herein, states and alleges:

    1.    Plaintiff Pacific Indemnity Company ("Pacific") is a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin, with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07601-1615.

    2.    Defendant Alfred Kemp, individually and d/b/a Kemp Plumbing ("Kemp") is, upon information and belief, a citizen and resident of the Commonwealth of Massachusetts.

    3.    Defendant Martin Sandborg individually and d/b/a Sandborg Plumbing and Heating ("Sandborg") is, upon information and belief, a citizen and resident of the Commonwealth of Massachusetts.

4. This Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), in that the plaintiff and the defendants are citizens of different States, and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. At all times material hereto, Pacific insured the premises owned by Roger and Michelle Marino at 254 Westfield Street, Dedham, Massachusetts (hereafter, the "Subject Premises") pursuant to Policy No. 1150958806. This policy shall hereafter be referred to as the "Subject Policy."

6. During the early morning hours of December 20, 2002, a fire was discovered in an approximately 6,000 square foot building on the Subject Premises, which building originally served as a carriage house, but was undergoing renovations to serve as an office/pool house/gym. This building shall hereafter be referred to as the "Subject Building." The fire which was discovered on December 20, 2002 shall hereafter be referred to as the "Subject Fire."

7. Roger and Michelle Marino, through their duly authorized representatives, made claim under the Subject Policy for the damages to the Subject Building and its contents which resulted from the Subject Fire and, under and pursuant to the terms of the Subject Policy, Pacific has duly made payments to date totaling $1,671,885.00, and anticipates that it will, in the future, be called upon to make further payments, for damages to the Subject Building and its contents as a result of the Subject Fire.

8. Under and pursuant to the terms of the Subject Policy, and otherwise by operation of law, Pacific is duly subrogated to the rights of Roger and Michelle Marino against all parties bearing legal responsibility for the damages resulting from the Subject Fire, to the extent of any payments Pacific has made or will make under the Subject Policy.

9. At all times material hereto, Sandborg and Kemp held themselves out as competent and qualified plumbers and plumbing contractors.

10. Prior to December 19, 2002, Roger and Michelle Marino hired Sandborg to perform plumbing work in connection with the renovation of the Subject Building.

11. Sandborg, in turn, hired Kemp as a subcontractor to perform plumbing work that Sandborg had undertaken to perform at the Subject Building.

12. The work Kemp performed on Sandborg's behalf at the Subject Building included using an open-flame torch to solder and unsolder pipe connections and fittings in the kitchen of the Subject Building.

## COUNT I

13. Plaintiff restates and realleges Paragraphs 1 through 12, above.

14. The Subject Fire was caused by Kemp's negligence, including but not limited to negligence in failing to exercise an appropriate degree of care and caution to properly and safely perform soldering and unsoldering work with an open-flame torch, failing to properly protect and secure combustible building materials in the immediate vicinity of the soldering work to protect against ignition by the flame or heat from the torch, or provide flame and heat resistant barriers or shields for such materials, failing to maintain a proper lookout against inadvertent ignition of combustibles, failing to properly inspect and discover such inadvertent ignition, and otherwise failing to exercise reasonable care under the circumstances.

## COUNT II

15. Plaintiff restates and realleges Paragraphs 1 through 14, above.

16. By undertaking to perform plumbing work at the Subject Building, Sandborg impliedly warranted that such work would be performed in a proper, safe and workmanlike

fashion, in conformance with the governing and generally accepted practices in Sandborg's trade.

17.   Sandborg breached the aforesaid implied warranties and undertakings, in that the work Kemp performed on Sandborg's behalf at the Subject Building was not performed in a proper, safe, and workmanlike fashion, or in conformance with the governing and generally-accepted practices in Sandborg's trade and, as a result of such breach, the Subject Fire and ensuing damages occurred, as alleged above.

WHEREFORE, plaintiff Pacific Indemnity Company demands judgment against the defendants, and each of them, in the amount of $1,671,885.00, plus such additional amounts as Pacific may be called upon to pay under the Subject Policy for damages to the Subject Building, as will be proven at trial, together with pre-judgment interest thereon as provided by law and costs of this action.

PACIFIC INDEMNITY COMPANY,
By their attorneys,

9/13/04
Date

Matthew H. Feiinberg
BBO #262380
Matthew A. Kamholtz
BBO #257290
FEINBERG & KAMHOLTZ
125 Summer Street, 6th Floor
Boston, MA 02110
(617) 526-0700

and

Daniel Q. Harrington
COZEN & O'CONNOR
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
(215) 665-2126