IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 11975RWZ

PACIFIC INDEMNITY COMPANY,    )
    )
       Plaintiff    )
    )
VS.    )
    )
ALFRED KEMP, Individually and d/b/a    )
KEMP PLUMBING,    )
    )
AND    )
    )
MARTIN SANDBORG, Individually and    )
d/b/a SANDBORG PLUMBING and    )
HEATING,    )
    )
       Defendants    )

## ANSWER, CROSSCLAIM AND JURY CLAIM ON BEHALF OF DEFENDANT MARTIN SANDBORG, INDIVIDUALLY AND D/B/A SANDBORG PLUMBING AND HEATING

1. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, they are denied.

2. This Defendant does not respond to this Paragraph as Defendant Sandborg does not understand it to be directed towards him.

3. The Defendant admits the allegations of paragraph 3.

4. This paragraph states a conclusion of law.

5. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, they are denied.

6. The Defendant admits the allegations of paragraph 6.

7.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, they are denied.

8.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, they are denied.

9.  Defendant Sandborg admits so much of this paragraph as alleges that he is a competent and qualified plumber and plumbing contractor and lacks knowledge with respect to the remaining allegations in this paragraph concerning his holding himself out as he is uncertain as how and to whom such representations were made.

10. Defendant Sandborg admits that prior to the date alleged in this paragraph, Mr. Marino hired him to perform plumbing work in connection with the renovation of the subject building.

11. Defendant Sandborg admits hiring Kemp as a subcontractor to perform certain plumbing work at the subject building.

12. The Defendant admits the allegations of paragraph 12.

<u>COUNT I</u>

13. The Defendant incorporates his responses to the allegations of paragraphs 1-12.

14. Defendant Sandborg responds to the allegations in this paragraph insofar as they may be read as imputing conduct by Kemp to Sandborg.  Defendant Sandborg denies that its subcontractor Kemp was negligent or in any way caused the fire in the subject building.

<u>COUNT II</u>

15. The Defendant incorporates his responses to the allegations of paragraphs 1-14.

16. This paragraph states a conclusion of law.  To the extent this paragraph contains allegations of fact, the same are denied as phrased.

17. The Defendant denies the allegations of paragraph 17.

## FIRST AFFIRMATIVE DEFENSE

The negligence of the Plaintiff's subrogors was greater than any alleged negligence of the Defendant or of the Defendant's agents, servants or employees and, therefore, the Plaintiff is barred from any recovery in the action by the terms of M.G.L. c.231, Section 85.

## SECOND AFFIRMATIVE DEFENSE

The negligence of the Plaintiff's subrogors contributed to the injuries, loss and damage claimed and, therefore, any recovery by the Plaintiff must be diminished in accordance with M.G.L. c.231, Section 85.

## THIRD AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damage was caused by the conduct of a third party or third parties, for which this Defendant is not and was not responsible.

## FIFTH AFFIRMATIVE DEFENSE

No notice of the alleged breaches of warranty was given to the Defendant, and the Defendant was prejudiced thereby.

## SIXTH AFFIRMATIVE DEFENSE

There has been insufficient process and service of process on Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

There is no reasonable likelihood that the estimated damages will be consistent with the civil money damage limits of this Court and, accordingly, the Complaint should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant says that Plaintiff has failed to bring a proper cause of action and therefore this action should be dismissed as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

Count II fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendant prays that the Plaintiff's Complaint be dismissed, and that judgment enter for the Defendant, with costs.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

## CROSSCLAIM OF DEFENDANT MARTIN SANDBORG, INDIVIDUALLY AND D/B/A SANDBORG PLUMBING & HEATING AGAINST DEFENDANT ALFRED KEMP, INDIVIDUALLY AND D/B/A KEMP PLUMBING

The Defendant Martin Sandborg, Individually and d/b/a Sandborg Plumbing & Heating [hereinafter Sandborg] Crossclaims against the Co-Defendant Alfred Kemp, Individually and d/b/a Kemp Plumbing [hereinafter Kemp] as follows:

1. The Plaintiff's Complaint asserts theories against Defendant Sandborg for breach of warranty and against Defendant Kemp for negligence.  Defendant Sandborg has answered and denied all such allegations.

2. If it is established that the fire referred to in Plaintiff's Complaint was caused by the negligence of Defendant Kemp, which Defendant Sandborg denies, then Defendant Sandborg states that he will be entitled to common law  indemnity from Defendant Kemp on the following grounds:  Defendant Sandborg was free from negligence and was exposed to liability only by virtue of his relationship with Defendant Kemp.

WHEREFORE, Defendant Sandborg demands Judgment against the Defendant Kemp on the basis of common law indemnity together with interests and costs.

THE DEFENDANT, MARTIN SANDBORG, DEMANDS A TRIAL BY JURY

ON ALL ISSUES.

 

 

MARTIN SANDBORG, Individually &
d/b/a Sandborg Plumbing & Heating
By his attorneys,

*FINNEGAN, UNDERWOOD,*
*RYAN & TIERNEY*

/s/ Philip T. Tierney_____
Philip T. Tierney, BBO #498120
Stimpson B. Hubbard, BBO #559128
22 Batterymarch Street, 4th Floor
Boston, MA  02109
(617) 348-9200

## CERTIFICATE OF SERVICE

     I hereby certify that I have this day served a copy of the *Answer, Crossclaim and Jury Claim on Behalf of Defendant Martin Sandborg, Individually and d/b/a Sandborg Plumbing & Heating* upon all interested parties by mailing a letter, postage prepaid, containing a copy of same, directed to:

| | |
|---|---|
| Matthew H. Feinberg, Esquire | Daniel Q. Harrington, Esquire |
| Matthew A. Kamholtz, Esquire | Cozen & O'Connor |
| Feinberg & Kamholtz | 1900 Market Street, 3rd Floor |
| 125 Summer Street, 6th Floor | Philadelphia, PA 19103 |
| Boston, MA 02110 | |

/s/Philip T. Tierney_____
Philip T. Tierney
*FINNEGAN, UNDERWOOD,*
*RYAN & TIERNEY*
22 Batterymarch Street
Boston, MA 02109
(617) 348-9200
BBO #498120

DATED:  November 12, 2004