IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY<br>15 Mountain View Road<br>Warren, NJ 07061-1615<br><br>                Plaintiff,<br><br>v.<br><br>ALFRED KEMP, Individually and d/b/a<br>KEMP PLUMBING<br>P.O. Box 1322<br>Pembroke, MA 02359<br><br>                and<br><br>MARTIN SANDBORG, Individually and d/b/a<br>SANDBORG PLUMBING AND HEATING<br>13 Liberty Street<br>Sandwich, MA 02563,<br><br>                Defendants. | Civil Action No.: 04-11975-RWZ |

## DEFENDANT ALFRED KEMP, INDIVIDUALLY AND D/B/A KEMP PLUMBING, ANSWER AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

The defendant, Alfred Kemp, Individually and d/b/a Kemp Plumbing, make this his answer and jury demand to plaintiff's complaint. Unless specifically answered herein, all allegations of the complaint are denied.

### PARTIES AND JURISDICTION

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint and call upon the plaintiff to prove the same.

2. The defendant admits the allegations contained in this paragraph of the Complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint and call upon the plaintiff to prove the same.

4. The defendant can neither admit nor deny the allegations contained in this paragraph, since such statements are legal conclusions.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint and call upon the plaintiff to prove the same.

6. The defendant admits the allegations contained in this paragraph of the Complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the complaint and call upon the plaintiff to prove the same.

8. The defendant can neither admit nor deny the allegations contained in this paragraph, since such statements are legal conclusions.

9. The defendant admits the allegations contained in this paragraph of the Complaint.

10. The defendant admits the allegations contained in this paragraph of the Complaint.

11. The defendant admits the allegations contained in this paragraph of the Complaint.

12. The defendant admits the allegations contained in this paragraph of the Complaint.

## **COUNT I**

13. The defendant incorporates herein by reference his answer to paragraphs 1 through 12, and make that its answer to paragraph 13 of Count I of the Complaint.

14. The defendant denies the allegations contained in paragraph 14 of the Complaint.

## **COUNT II**

15. Paragraph 15 of Count II is not directed to this defendant and, therefore, does not require a response; however, in the event that this paragraph is read to be applicable to it, the defendant denies the allegations contained therein.

16. Paragraph 16 of Count II is not directed to this defendant and, therefore, does not require a response; however, in the event that this paragraph is read to be applicable to it, the defendant denies the allegations contained therein.

17. Paragraph 17 of Count II is not directed to this defendant and, therefore, does not require a response; however, in the event that this paragraph is read to be applicable to it, the defendant denies the allegations contained therein.

WHEREFORE, the defendant says that the plaintiff's complaint against him should be dismissed and that judgment enter for the defendant, together with his costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant says the acts complained of were not committed by a person for whose conduct the defendant was legally responsible.

### SECOND AFFIRMATIVE DEFENSE

And further answering the defendant says that the court lacks jurisdiction over this matter on the grounds that this is a subrogation action in which the plaintiff's insured is a Massachusetts resident and there is no diversity of citizenship.

### THIRD AFFIRMATIVE DEFENSE

And further answering the defendant says that the complaint should be dismissed pursuant to M.G.L. c.231,§6F insofar as the complaint is wholly insubstantial, frivolous and not advanced in good faith and the defendant should be awarded his costs.

### FOURTH AFFIRMATIVE DEFENSE

And further answering the defendant says that the complaint should be dismissed pursuant to Rule 11 of the Federal Rules of Civil Procedure insofar as the allegations of the complaint are frivolous and/or have no evidentiary support and the defendant should be awarded his costs.

### JURY CLAIM

The defendant hereby makes a claim for a trial by jury on all issues so triable.

Respectfully submitted,
The Defendant,
ALFRED KEMP, Individually and d/b/a KEMP PLUMBING
By his attorney,

/s/ John J. Ryan, Jr.
John J. Ryan, Jr., BBO# 435620
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

## CERTIFICATE OF SERVICE

    I, John J. Ryan, Jr., hereby certify that on December 6, 2004, I served a copy of the within document upon the plaintiff by serving its counsel first class mail, postage prepaid to: Matthew H. Feinburg, Esq., Feinberg & Kamholtz, 125 Summer Street, 6th Floor, Boston MA 02110; Daniel Q. Harrington, Esq., Cozen & O'Connor, 1900 Market Street 3rd Floor, Philadelphia, PA 19103; Philip Tierney, Esq., Finnegan, Underwood, Ryan & Tierney, 22 Batterymarch Street, Boston, MA 02109.

                                                  /s/ John J. Ryan, Jr.
                                                  John J. Ryan, Jr.