IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PACIFIC INDEMNITY COMPANY, | : | CIVIL ACTION NO. |
| | : | 04-11975(RWZ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALFRED KEMP, Individually and d/b/a | : | |
| KEMP PLUMBING | : | |
| | : | **PLAINTIFF'S** |
| and | : | **MOTION IN LIMINE TO** |
| | : | **EXCLUDE CERTAIN** |
| MARTIN SANDBORG, Individually and d/b/a | : | **TESTIMONY FROM** |
| SANDBORG PLUMBING AND HEATING, | : | **DEFENDANT KEMP'S** |
| | : | **EXPERTS QUINN HORN** |
| Defendants. | : | **AND TIMOTHY MYERS** |
| | : | |

    Plaintiff respectfully moves the Court for an Order precluding the following anticipated testimony by defendant Alfred Kemp's experts Quinn Horn and Timothy Myers, because such testimony is either beyond the witnesses' expertise, or is not the proper subject of expert testimony.  Specifically, plaintiff requests an Order::

    1.    Precluding Quinn Horn, Kemp's expert metallurgist, from testifying as to what a plumber would "likely" do, or to what plumber's "typically" do (See excerpts from Horn report, attached to the accompanying Memorandum as Exhibit "C," Pp. 32-33);

    2.    Precluding Quinn Horn from testifying that, at the time the fire giving rise to this litigation began, all joints of the water piping in the carriage house where the fire occurred were intact (Exhibit "C," Pg. 38);

3. Precluding Timothy Myers, defendant's alleged fire expert, from adopting, relying upon, or referring to Quinn Horn's inadmissible opinions set forth above (See excerpts from Myers' report, attached to the Memorandum accompanying this Motion as Exhibit "G," Pg. 38); and

4. Precluding Timothy Myers from offering purported expert opinions that defendant Kemp did not perform soldering in the kitchen of the carriage house on the afternoon of the fire, or that, at the time the fire began, all joints of the water piping in the carriage house were intact, that water was turned on in the carriage house, and that the water piping under the sink was pressurized (Exhibit "G," Pg. 40).

In support of this Motion, plaintiff relies upon Rule 702 of the Federal Rules of Evidence and the attached Memorandum in Support of Plaintiff's Motion in Limine to Exclude Certain Testimony From Defendant Kemp's Experts Quinn Horn and Timothy Myers.

Pursuant to Local Rule 7.1(A)(2), this will certify that counsel have conferred and have attempted in good faith to resolve or narrow the issues raised by this Motion.

Respectfully submitted,

COZEN O'CONNOR

BY:  /s/Daniel Q. Harrington
DANIEL Q. HARRINGTON
1900 Market Street
Philadelphia, PA  19103
215-665-2126

MATTHEW H. FEINBERG
FEINBERG & KAMHOLTZ
125 Summer Street, 6th Floor
Boston, MA  02110
617-526-0700

Attorneys for Plaintiff

1\2473020\1 132682.000