IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY<br>15 Mountain View Road<br>Warren, NJ 07061-1615<br><br>　　　　　Plaintiff,<br><br>v.<br>ALFRED KEMP, Individually and d/b/a<br>KEMP PLUMBING<br>P.O. Box 1322<br>Pembroke, MA 02359<br><br>　　　and<br><br>MARTIN SANDBORG, Individually and d/b/a<br>SANDBORG PLUMBING AND HEATING<br>13 Liberty Street<br>Sandwich, MA 02563,<br><br>　　　　　Defendants. | C.A. No.: 04-11975-RWZ<br>BBO# 552588 |

**DEFENDANT ALFRED KEMP D/B/A KEMP PLUMBING'S
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
ALLEGED PRIOR/UNRELATED CONDUCT**

Now comes the defendant Alfred Kemp d/b/a Kemp Plumbing ("Kemp"), and moves in limine that this Court preclude any and all evidence pertaining to Kemp's alleged prior or unrelated negligent conduct that has nothing to do with plaintiff's claim of how the fire started in the Marino home. Specifically, the defendant moves the Court to preclude any attempt to introduce "evidence" of alleged occasions on other job sites when Kemp may have "scorched" 2 x 4's while using a blow torch as well as any alleged negligent conduct with respect to the Marino Carriage House job that is unrelated to

plaintiff's claim on how Kemp allegedly started the fire. Such evidence has no relevance as it does not relate to the cause or spread of the fire at issue and, therefore, introduction of it would unfairly prejudice the defendant. Thus, the prejudicial effect of such testimony greatly outweighs its probative value.

**Background**

This lawsuit arises out of a fire at a carriage house on the property of Roger Marino in the early morning hours of December 20, 2002. The fire occurred while the carriage house was unoccupied but was undergoing renovations. Defendant, Martin Sandborg, was retained to do the plumbing work associated with the renovations at the carriage house. Mr. Sandborg, in turn, subcontracted some of that work to defendant Kemp.

Plaintiff alleges that the fire was caused by Kemp's negligence in failing to exercise proper care with respect to performing soldering work on the sink cabinet in the carriage house on Thursday, December 19, 2002. Specifically, plaintiff's cause and origin expert, Thomas Klem, claims that Kemp, using a torch, "inadvertently started the fire in the wall *behind* the sink cabinet" and that the "fire began behind the sink cabinet in vicinity of the hole for the PVC pipe and spread upwards and towards the west (following the air gap channel created by the pipe). After ignition, "the progression of the fire within the wall took place over several hours." Expert Rebuttal of Thomas Klem, dated March 23, 2006, pgs. 9, 11. Plaintiff contends that the fire burned in the wall unnoticed by the workers present at the carriage house as they went about their business that day.

As a result of the fire, Roger and Michelle Marino made a claim against plaintiff, Pacific Indemnity, their property insurer. Pursuant to the policy, Pacific Indemnity has paid the Marinos and brought this subrogation action.

**Argument**

1. **The Evidence Plaintiff Will Attempt to Introduce Should Be Excluded Because It is Irrelevant**

Defendant anticipates the plaintiff will attempt to introduce two categories of evidence pertaining to alleged negligent conduct of Kemp that is unrelated to its claim that Kemp started a fire with his torch "behind the sink cabinet": (a) alleged negligent conduct on prior job sites; and (b) alleged negligent conduct at the job site which is not causally connect to the plaintiff's claim in this case. As will be set forth herein, this evidence is irrelevant, and, thus, inadmissible under Rule 402, because the plaintiff is not alleging that any of it relates to the cause or spread of the fire at issue. Fed. R. Evid. 402.

   a. **Evidence of Kemp's alleged prior negligent conduct on other job sites does not relate to the cause and origin of the instant fire**

It is anticipated that plaintiff will seek to introduce evidence that Kemp may have improperly used his torch at other jobs and/or scorched 2 x 4's/wood on other job sites. This is entirely irrelevant evidence. This evidence of alleged prior bad or negligent acts is completely irrelevant and should be excluded.

   b. **Evidence of Kemp's alleged prior negligent conduct at the carriage house does not relate to the cause and origin of the instant fire**

Defendant anticipates that the plaintiff will attempt to introduce evidence of other alleged negligent acts of Kemp at the carriage house job site that are not related to plaintiff's claims on the cause of the fire. This unrelated evidence includes allegations that Kemp did not properly shield the bottom of the sink while doing torch work, that

3

Kemp, either with his torch or with dripping solder scorched the floor of the cabinet under the sink and that Kemp violated proper procedure by doing torch work without a fire extinguisher present.[1] This "evidence" is not relevant to the case.

Plaintiff's cause and origin expert, Thomas Klem, has tendered an opinion that claims that Kemp "inadvertently started the fire <u>in the wall behind the sink cabinet</u>" and that "fire patterns observed in the kitchen indicate that the fire began <u>behind the sink cabinet in vicinity of the hole for the PVC pipe and spread upwards</u> and towards the west (following the air gap channel created by the pipe). After ignition the progression of the fire within the wall took place over several hours."[2] Expert Rebuttal of Thomas Klem, dated March 23, 2006, pgs. 9, 11. Given plaintiff's theory that the fire started "in the wall behind the sink cabinet" "in the vicinity of the hole for the PVC pipe" any alleged evidence that Kemp may have failed to properly fire proof the <u>bottom</u> of the sink cabinet or that he may have somehow scorched the <u>bottom</u> of the sink cabinet while performing torch work is simply irrelevant. Similarly, in a circumstance where the plaintiff alleges that the fire smoldered, undetected in the walls before breaking out when no one was around, any evidence that Kemp did not have a fire extinguisher present at the scene is also irrelevant because such did not play any role in a failure to put out the fire or its spread. Simply put, since there is no allegation that anyone knew there was a fire when it started, the presence or lack of a fire extinguisher is neither here nor there. Thus, any such evidence should be excluded.

---

[1] Defendant Kemp does not concede that any of these allegations are accurate but, rather, argues that regardless the evidence is inadmissible.

[2] Klem's opinion is flawed and will, itself, be the subject of a *Daubert* challenge. Regardless, it is plaintiff's only theory.

4

In light of the disconnect between the alleged evidence (such as it is) and plaintiff's theory of how the fire started, it is clear that plaintiff would proffer such evidence solely for the purpose of trying to paint Kemp as a person who generally does negligent things and, therefore, must have been negligent in this case. However, such evidence should be excluded because "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b)[3]; see Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 155 (1st Cir. 1992). Moreover, admitting evidence of Kemp's alleged other negligent conduct would create unfair prejudice which would substantially outweigh the limited probative value of the evidence. Fed. R. Evid. 403[4]; see Bonilla, 955 F.2d at 154 (holding that "Rules 403 and 404(b) go hand in glove, since 404(b) 'describes a particular form of evidence that might create the "unfair prejudice" anticipated under Fed. R. Evid. 403.'" Id. at 154, quoting U.S. v. Currier, 836 F.2d 11, 17 (1st Cir. 1987)).

In Bonilla v. Yamaha Motors Corp., the issue was whether the admission of plaintiff's prior and subsequent speeding tickets was erroneous in a products liability action in which the plaintiff alleged a design defect in the braking mechanism of a motorcycle manufactured by the defendant. 955 F.2d at 152. In overturning the District Court's admission of the plaintiff's speeding offenses, the First Circuit stated that the admission of such evidence was "substantively important, inflammatory and highly prejudicial." Id. at 155. Furthermore, the First Circuit proclaimed that, "If this evidence

---

[3] Rule 404(b) provides: "Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. If may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident..." Fed. R. Evid. 404(b).

[4] Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

proved anything, it proved that a person who has twice been caught speeding is likely to have been speeding at the time in question, a connection which legal policy and Rule 404(b) strictly forbid." Id. Accordingly, the First Circuit found that the error was not harmless and the case was remanded for a new trial. Id.

Clearly, the evidence the defendant anticipates the plaintiff will seek to introduce is intended by the plaintiff to make Kemp look like a negligent person that does not care about fire protection. The plaintiff's purpose in introducing this evidence would only be to tempt the jury to find that if Kemp was negligent on other occasions he was likely negligent on the day in question and in the manner it theorizes without focusing on the central issue of what caused the fire or on any concrete evidence to support its theory. See Id.; Williams v. Drake, et al., 146 F.3d 44, 48 (1st Cir. 1998). Therefore, not only is Kemp's alleged conduct inadmissible under Rule 404(b), but the danger of unfair prejudice created by the evidence substantially outweighs its limited probative value. Fed. R. Evid. 403; see Williams, 146 F.3d at 48.

WHEREFORE, the defendant, Alfred Kemp d/b/a Kemp Plumbing, hereby moves to preclude any and all evidence pertaining to: prior occasions on other job sites when Kemp may have "scorched" 2 x 4's while using a torch, whether Kemp may have scorched the bottom of the sink cabinet either with his torch or by letting solder drip down, instances when Kemp may not have properly fire proofed the bottom of the sink cabinet while performing torch work, and that Kemp may not have had a fire extinguisher present at the scene.

Defendants,
Alfred Kemp, Individually and d/b/a Kemp Plumbing
By their attorney,

/s/ Christopher G. Betke
Christopher G. Betke, BBO# 552588
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

### CERTIFICATE OF SERVICE

I, Christopher G. Betke, hereby certify that on March 8, 2007, I served a copy of the within document via electronic filing to: Matthew H. Feinburg, Esq., Feinberg & Kamholtz, 125 Summer Street, 6th Floor, Boston MA 02110; Daniel Q. Harrington, Esq., Cozen & O'Connor, 1900 Market Street 3rd Floor, Philadelphia, PA 19103; Philip Tierney, Esq., Finnegan, Underwood, Ryan & Tierney, 22 Batterymarch Street, Boston, MA 02109.

/s/ Christopher G. Betke
Christopher G. Betke