IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY )<br>15 Mountain View Road )<br>Warren, NJ 07061-1615 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>ALFRED KEMP, Individually and d/b/a )<br>KEMP PLUMBING )<br>P.O. Box 1322 )<br>Pembroke, MA 02359 )<br>)<br>and )<br>)<br>MARTIN SANDBORG, Individually and d/b/a )<br>SANDBORG PLUMBING AND HEATING )<br>13 Liberty Street )<br>Sandwich, MA 02563, )<br>)<br>Defendants. )<br>) | C.A. No.: 04-11975-RWZ<br>BBO# 552588 |

**DEFENDANT ALFRED KEMP D/B/A KEMP PLUMBING'S
MOTION IN LIMINE TO PRECLUDE TESTIMONY OF DONALD GALLER
REGARDING FIRE PATTERNS AND/OR OTHER CAUSE AND ORIGIN
TESTIMONY**

Now comes the defendant Alfred Kemp d/b/a Kemp Plumbing ("Kemp"), and moves in limine that this Court preclude any and all testimony of plaintiff's expert witness, Donald Galler, P.E., with regard to fire patterns and/or non-electrical cause and origin opinions. As grounds therefore, Kemp states that Mr. Galler is not qualified to testify on these issues.

**Pertinent Background**

This lawsuit arises out of a fire at a carriage house on the property of Roger Marino in the early morning hours of December 20, 2002. The fire occurred while the carriage house was unoccupied but was undergoing renovations. Defendant, Martin Sandborg, was retained to do the plumbing work associated with the renovations at the carriage house. Mr. Sandborg, in turn, subcontracted some of that work to defendant Kemp.

Plaintiff alleges that the fire was caused by Kemp's negligence in failing to exercise proper care with respect to performing soldering work on the sink cabinet in the carriage house on Thursday, December 19, 2002. Plaintiff contends that the fire burned in the wall unnoticed by the workers present at the carriage house as they went about their business that day. As a result of the fire, Roger and Michelle Marino made a claim against plaintiff, Pacific Indemnity, their property insurer. Pursuant to the policy, Pacific Indemnity has paid the Marinos and brought this subrogation action.

Plaintiff has indicated that it will call Donald Galler, P.E. as an expert witness at trial. Mr. Galler is an electrical engineer who was retained by the plaintiff to examine potential electrical activity in the area of origin identified by plaintiff's cause and origin expert Thomas Klem. Plaintiff's Expert, Donald Galler's Rebuttal, dated March 22, 2006. According to Mr. Galler's rebuttal, he will testify as follows:

> Other electrical causes associated with breaker tripping in the kitchen area were considered, but would have resulted in <u>dramatically different fire patterns</u> and were ruled out accordingly. (emphasis added).

**Argument**

Donald Galler's *curriculum vitae* states that he is an "electrical engineer." Donald Galler's *curriculum vitae*, attached hereto as Exhibit A. Mr. Galler is neither a cause and

origin expert nor is he an expert with regard to fire patterns. According to Rule 702, an expert witness may testify if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The witness must be qualified as an expert "by knowledge, skill, experience, training, or education" in the area in which the trier of fact requires assistance. See id. While Mr. Galler may be qualified to offer his opinion as to electrical activity in the area of origin previously identified by a cause and origin expert, clearly, he is not qualified to render an opinion as to what the fire patterns say about where the fire began or what caused the fire. Therefore, Mr. Galler should be precluded from offering any testimony as to fire patterns or the cause and origin of the subject fire not related to electrical engineering.

WHEREFORE, the defendant, Alfred Kemp d/b/a Kemp Plumbing, hereby moves to preclude any and all testimony of plaintiff's expert witness Donald Galler, P.E. with regard to the cause and origin of the fire not related to electrical engineering and/or fire patterns.

Defendants,
Alfred Kemp, Individually and d/b/a Kemp Plumbing
By their attorney,

/s/ Christopher G. Betke
Christopher G. Betke, BBO# 552588
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1 (A)(2), counsel have conferred and have attempted in good faith to resolve or narrow the issues raised by this Motion.

/s/ Christopher G. Betke
Christopher G. Betke

## CERTIFICATE OF SERVICE

I, Christopher G. Betke, hereby certify that on March 8, 2007, I served a copy of the within document via electronic filing to: Matthew H. Feinburg, Esq., Feinberg & Kamholtz, 125 Summer Street, 6th Floor, Boston MA 02110; Daniel Q. Harrington, Esq., Cozen & O'Connor, 1900 Market Street 3rd Floor, Philadelphia, PA 19103; Philip Tierney, Esq., Finnegan, Underwood, Ryan & Tierney, 22 Batterymarch Street, Boston, MA 02109.

/s/ Christopher G. Betke
Christopher G. Betke