IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY, | CIVIL ACTION NO. |
| | 04-11975(RWZ) |
| Plaintiff, | |
| v. | |
| ALFRED KEMP, Individually and d/b/a KEMP PLUMBING | |
| and | |
| MARTIN SANDBORG, Individually and d/b/a SANDBORG PLUMBING AND HEATING, | |
| Defendants. | |

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff hereby submits the following questions for examination of jurors:

1.  This case involves a fire that was discovered on the morning of Friday, December 20, 2002 at a carriage house at the residence of Roger and Michelle Marino on Westfield Street in Dedham. Do any of you know anything about this fire, or believe you might have heard something about it in the news media or elsewhere?

2.  The following are the witnesses who may testify at this trial. Please let me know if you believe you might know any of these witnesses:

   Sergeant Francis McGinn, Massachusetts State Police;
   Thomas Klem;
   Donald Galler;
   Lester McLaughlin;
   Thomas Eagar;
   Webster Collins;
   Russell Monast;

        James Tagliente;

        Harold Larsen;

        Roger Marino;

        Lt. John Fontaine, Dedham Fire Department;

        Alfred Kemp;

        Martin Sandborg;

        Philip Shields;

        Kraig Magnussen;

        Robert Cullinane;

        Stephen Driscoll;

        Larry Dicken;

        Paul McDonagh;

        Joseph Henegan;

        Timothy Myers;

        Quinn Horn;

        Andrew Diamond;

        Timothy Delaney;

        Andrew Williams;

        Robert LaPorte.

        3.    As you know, this is a civil not a criminal case. The standard of proof in a civil case is that a plaintiff must prove his case by a preponderance of the evidence. This is a less strict standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when he proves a fact in issue by a preponderance of the evidence. I will instruct the jury at the end of the case that to "establish by a preponderance of the evidence" means to prove that something is more likely true than not true. A preponderance of the evidence is such evidence as, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Would any of you have any problem following the Court's instructions as to the appropriate burden of proof in this civil case?

4. Would any of you have any difficulty in applying the Court's instructions concerning the law in this case even if you personally may disagree with those instructions?

5. Do any of you feel that a party who believes its property was damaged through the actions of another should just accept the consequences and not go into Court to have a jury decide whether the other person or entity is responsible for those damages?

6. Do any of you hold any religious or personal beliefs that would prohibit you from finding a particular party responsible for the damages claimed by plaintiff, if the evidence so warrants?

7. The plaintiff, Pacific Indemnity Company, paid its policyholders, the property owners, for losses which are alleged to have resulted from the fire which is the subject of this litigation. Under the doctrine of subrogation, Pacific Indemnity stepped into the shoes of the property owners and acquired the right to pursue claims against third parties who Pacific Indemnity alleges are responsible for the damages. Would the fact that the plaintiff is a property insurance company seeking to recover damages it paid its policyholder from third parties plaintiff alleges are responsible for the damages affect your ability to fairly decide this case?

8. All parties are equal in the eyes of the law. Do any of you feel you would have difficulty treating the plaintiff insurance company and the defendants with equal fairness?

9. Do any of you feel that you have been treated unfairly by an insurance company? Would that experience affect your ability to fairly decide this case?

10. Have any of you ever worked for a lawyer or a law firm?

11. Have any of you had any legal training?

12. Do any of you have family members who are lawyers?

13. Have any of you ever been involved in a fire?

14. Have any of you been involved in a lawsuit as a plaintiff or defendant?

15. Have any of you served previously as a juror?

16. Do any of you have any experience in the plumbing trade or working with plumbers, or have any close relatives who are plumbers?

17. Do any of you have any experience soldering or unsoldering pipe joints?

18. Do any of you have a background in engineering, plumbing, or metallurgy?

19. Have any of you served as a paid or volunteer firefighter?

20. Do any of you have any background in fire investigation?

21. Do any of you have any background in any law enforcement field?

22. There will be some technical testimony in this trial concerning fires, building construction, plumbing, and metallurgy. Do any of you feel you may not be able to give this testimony your full attention and render a fair and impartial verdict?

23. Do any of you feel that the fact that this case involves a fire and property damages might affect your ability to fairly decide this case?

24. Does anyone know of any reason at all why he or she could not be fair and impartial in this case?

Respectfully submitted,

PACIFIC INDEMNITY COMPANY,
By its attorneys,

DATE:        3/19/07            BY:    /s/Daniel Q. Harrington
                                       DANIEL Q. HARRINGTON
                                       COZEN O'CONNOR
                                       1900 Market Street, The Atrium
                                       Philadelphia, PA  19103
                                       (215) 665-2126

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of Plaintiffs' Proposed Voir Dire was forwarded via electronic notification of filing on the 19th day of March, 2007, to the following:

Philip T. Tierney, Esquire
FINNEGAN, UNDERWOOD, RYAN & TIERNEY

- 4 -

22 Batterymarch Street
Boston, MA  02109
Christopher G. Betke, Esquire
RYAN, COUGHLIN & BETKE, LLP
175 Federal Street
Boston, MA  02110


/s/ Daniel Q. Harrington
DANIEL Q. HARRINGTON

PHILADELPHIA\2590924\1 132682.000