IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY, | : CIVIL ACTION NO.<br>: 04-11975(RWZ) |
| Plaintiff, | : |
| v. | : |
| | : **PLAINTIFF'S MEMORANDUM** |
| ALFRED KEMP, Individually and d/b/a | : **IN OPPOSITION TO MOTION** |
| KEMP PLUMBING | : **IN LIMINE TO PRECLUDE** |
| | : **TESTIMONY OF DONALD GALLER** |
| and | : **REGARDING FIRE PATTERNS** |
| | : **AND/OR OTHER CAUSE AND** |
| MARTIN SANDBORG, Individually and d/b/a | : **ORIGIN TESTIMONY** |
| SANDBORG PLUMBING AND HEATING, | : |
| Defendants. | : |

Defendant Kemp's Motion in Limine To Preclude Testimony of Donald Galler Regarding Fire Patterns and/or Other Cause and Origin Testimony broadly seeks "to preclude any and all testimony of plaintiff's expert witness, Donald Galler, P.E., with regard to the cause and origin of the fire not related to electrical engineering and/or fire patterns." However, the only portion of either Mr. Galler's original Rule 26 report or his rebuttal report with which Kemp takes specific issue is Galler's statement in his rebuttal report that "other electrical causes associated with breakers tripping in the kitchen area were considered, but would have resulted in dramatically different fire patterns and were ruled out accordingly." Plaintiff has no intention of eliciting testimony from Mr. Galler on this point. Plaintiff will rely upon its own fire cause and origin expert, Thomas Klem, and Sergeant Francis McGinn of the Massachusetts State Fire Marshal's Office to establish that the fire at the Marino carriage house originated beneath the kitchen sink, and not elsewhere, and plaintiff has no intention of asking Mr. Galler how the fire damage patterns would have looked differently if the fire originated somewhere other than

beneath the kitchen sink. Among other things, Mr. Galler will testify that his examination of the electrical wiring and apparatus located in the area of fire origin identified by Messrs Klem and McGinn rule out any evidence of an electrical cause for the fire in this area.

While plaintiff, therefore, has no intention of eliciting the testimony from Mr. Galler relating to the one passage in Mr. Galler's report to which Kemp has expressed an objection, plaintiff opposes Kemp's broader request "to preclude any and all testimony of plaintiff's expert witness, Donald Galler, P.E., with regard to the cause and origin of the fire not related to electrical engineering and/or fire patterns" as the request is too vague. When electrical engineers conduct their investigations and then testify to the results of their investigation in fire cases, there is always going to be a "gray area" involving fire-related issues that are nevertheless within the electrical engineer's field of expertise. Kemp's counsel is presumably aware of this, because he has apparently presented Mr. Galler as an expert in at least one fire case in the past.

As one example, Mr. Galler's reports disclose that he may explain why circuit breakers would have tripped as the result of a fire originating where Messrs. Klem and McGinn determined this fire started, even though the fire was not electrical in origin and, further, why breakers protecting wiring which traveled in the vicinity of the theorized area of origin could have tripped without there being any discernable evidence of electrical arcing or faulting in the wiring near the area of origin. Again, Kemp has expressed no objection to these aspects of Mr. Galler's anticipated testimony and, in fact, the reports of the defendants' electrical engineering experts suggest that they intend to testify to similar topics.

Therefore, Kemp's request for an Order "precluding any and all testimony of plaintiff's expert witness, Donald Galler, P.E., with regard to the cause and origin of the fire not related to electrical engineering and/or fire patterns" is inappropriately vague and overly broad and unnecessary. With the exception of the one passage in Mr. Galler's report to which Kemp has

expressed objection and with respect to which plaintiff has no intention of eliciting testimony from Mr. Galler, Galler should be permitted to testify to all other matters properly disclosed in his original Rule 26 report and his rebuttal report.

Respectfully submitted,

DATE:   3/19/07                    BY:   /s/Daniel Q. Harrington
                                        DANIEL Q. HARRINGTON
                                        1900 Market Street
                                        Philadelphia, PA  19103
                                        215-665-2126

                                        MATTHEW H. FEINBERG
                                        FEINBERG & KAMHOLTZ
                                        125 Summer Street, 6th Floor
                                        Boston, MA  02110
                                        617-526-0700

                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of Plaintiffs' Memorandum in Opposition to Motion in Limine To Preclude Testimony of Donald Galler Regarding Fire Patterns and/or Other Cause and Origin Testimony was forwarded via electronic notification of filing on the 19th day of March, 2007, to the following:

Philip T. Tierney, Esquire
FINNEGAN, UNDERWOOD, RYAN & TIERNEY
22 Batterymarch Street
Boston, MA  02109
Christopher G. Betke, Esquire
RYAN, COUGHLIN & BETKE, LLP
175 Federal Street
Boston, MA  02110

/s/ Daniel Q. Harrington
DANIEL Q. HARRINGTON