IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY, | : CIVIL ACTION NO. |
| | : 04-11975(RWZ) |
| Plaintiff, | : |
| v. | : |
| | : **PLAINTIFF'S MEMORANDUM** |
| ALFRED KEMP, Individually and d/b/a | : **IN OPPOSITION TO MOTION** |
| KEMP PLUMBING | : **IN LIMINE TO PRECLUDE** |
| | : **TESTIMONY OF PLAINTIFF'S** |
| and | : **EXPERT THOMAS KLEM** |
| | : **AS TO LOCATION OF COLD** |
| MARTIN SANDBORG, Individually and d/b/a | : **WATER VALVE BEING UNDER** |
| SANDBORG PLUMBING AND HEATING, | : **TARP UNDER KITCHEN SINK** |
| | : **POST-FIRE DUE TO SPOLIATION** |
| Defendants. | : **OF EVIDENCE** |
| | : |

The exclusion of evidence requested in Kemp's Motion is not appropriate. There was no spoliation of evidence, and certainly no prejudice to defendants, that would warrant exclusion of evidence, or any other sanction.

First, the fact that, after the fire, the cold water valve was no longer connected to the pipe to which it originally had been connected is amply documented in post-fire photographs. A photograph taken by the Dedham Fire Department on December 20, 2002, the day the fire was discovered and three days before Tom Klem arrived on the scene and before the sink was moved, shows the cold water valve was not in place. This photograph is Plaintiff's Trial Exhibit 4A, and its admissibility has been stipulated. Defendants have the same access to this photographic evidence as plaintiff. See North v. Ford Motor Co., 2007 U.S. Dist. LEXIS 4869, No. 2:00-CV-958 TS, at * 9 (D. Utah 2007) (declining to impose sanctions for destruction of product in product liability case where there was other evidence available, such as . . . photographs, field diagram measurements, and witness statements).

Mr. Klem took numerous photographs upon his arrival at the scene which show that the cold water valve was not in place (See Photographs attached to the Affidavit of Daniel Q. Harrington). These photographs, the admissibility of most of which have been stipulated, show that, after the fire, the cold water valve was not on the pipe on which it was originally installed, were made available to defendants' investigators and liability adjusters via posting on a website prior to the first of multiple inspections of the carriage house by representatives of defendants. Therefore, defendants had ample opportunity to ascertain that the cold water valve was no longer soldered to the pipe prior to and during the numerous inspections of the carriage house.

Contrary to Kemp's assertion, one of Mr. Klem's photographs shows the precise location of the cold water valve as it was first observed by Mr. Klem. (See Stipulated Trial Exhibit 2Z, attached to Affidavit of Daniel Q. Harrington. It is true that Mr. Klem moved the valve prior to defendants' investigators' first inspection of the scene. However, it is unrealistic to assume that a fire scene can be maintained in a perfectly pristine condition and that there will be no movement of debris or artifacts before potential parties are notified and afforded access to the scene. See Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 80 (3rd Cir. 1994). Without some preliminary investigation, including movement of debris or artifacts, a property owner's (or its insurer's) investigators would have no way of making even a preliminary assessment of who the potentially responsible parties are who should be notified to inspect the scene. See Schmid, supra, at 79 (finding that disassembly of a product during an expert's examination was "necessary to determine whether [the party] had a meritorious claim against the manufacturer"). Besides, as noted previously, defendants and their investigators, at all relevant times, had and have ample documentation demonstrating that the cold water valve assembly was off and showing where it was found. See Id. (noting that plaintiff's expert's photographs before and after disassembly of the product "allow a defense expert some, though admittedly limited, visual access to the [product] prior to and immediately following disassembly"). Because of this photographic documentation of the fire scene by Klem and the Fire Department, defendants do

not need to rely solely on Mr. Klem's report as to the pre-fire location of the cold water valve. See North Co., 2007 U.S. Dist. LEXIS 4869, at * 9.

Klem's anticipated testimony regarding the position of the tarp relative to the cold water valve is similarly supported by information from independent sources and physical evidence to which defendants have and had ready access. The Fire Marshal's Report states that the tarp was found under the sink that Sergeant McGinn of the Fire Marshal's Office will say that he moved, unfolded, and examined the tarp during his inspection.[1] Plaintiff cannot fairly be subjected to a preclusionary order or other sanctions as a result of public sector investigative activities outside of plaintiff's control. Besides, the Fire Marshal is an independent, impartial witness, whose reliability and truthfulness should not be in doubt.

Klem's comments and conclusions regarding the position of the tarp in relation to the cold water valve are based upon a review of the physical evidence that was and is available to defendants. First, Klem notes, based upon examination of the remains of the sink cabinet, that the tarp "protected" the bottom of the cabinet. The cabinet was made available to defendants many times and will be an exhibit at trial, and therefore there is no reason that defendants' experts are not equally capable of evaluating Klem's statements regarding the condition of the bottom of the cabinet and its significance.

Finally, Mr. Klem notes that the tarp shows no evidence of "shadowing" from the valve. Again, the tarp (and the valve) have been inspected by defendants, will be introduced as evidence, and defendants are fully capable of interpreting and evaluating whether the tarp shows evidence of "shadowing" or not.

Kemp's fire expert, Timothy Meyers, cannot possibly claim any prejudice due to reliance upon photographic documentation, physical evidence, and public sector sources, because Meyers never visited the fire scene, anyway, and therefore has no choice but to rely upon such information. See Joler v. Scott Paper Co., 1995 U.S. LEXIS 24800, No. 94-2196, * 9 (1st Cir.

---

[1] The Fire Marshal's Report says that the tarp had solder residue on it.

1995) (finding that documentation retained by a party allowed one to reconstruct the events and was one basis for concluding that there was no spoliation). The investigator who actually inspected the fire scene for Kemp at plaintiff's invitation, has not been designated as an expert witness. Kemp's experts have certainly had no difficulty formulating detailed responses to Mr. Klem's opinions.

Therefore, Kemp has not and cannot make a showing of spoliation, much less any prejudice from spoliation, that would warrant preclusion of evidence or any other sanctions. See Mayes v. Black & Decker (U.S.), Inc., 931 F. Supp. 80, 84 (D. N.H. 1996) (refusing to preclude expert testimony where defendant's experts based their reports upon inspection of the subject product, photographs of the scene, a video tape of the scene, and other items even though the entire fire scene and certain appliances located therein were destroyed without defendant being given an opportunity to inspect them).

Respectfully submitted,

DATE:    3/23/07              BY:   /s/Daniel Q. Harrington
                                    DANIEL Q. HARRINGTON
                                    1900 Market Street
                                    Philadelphia, PA  19103
                                    215-665-2126

                                    MATTHEW H. FEINBERG
                                    FEINBERG & KAMHOLTZ
                                    125 Summer Street, 6th Floor
                                    Boston, MA  02110
                                    617-526-0700

                                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of Plaintiff's Memorandum in Opposition to Motion in Limine To Preclude Testimony of Plaintiff's Expert Thomas Klem As To Location Of Cold Water Valve Being Under Tarp Under Kitchen Sink Post-Fire Due To Spoliation Of Evidence was forwarded via electronic notification of filing on the 23rd day of March, 2007, to the following:

Philip T. Tierney, Esquire
FINNEGAN, UNDERWOOD, RYAN & TIERNEY
22 Batterymarch Street
Boston, MA  02109

Christopher G. Betke, Esquire
RYAN, COUGHLIN & BETKE, LLP
175 Federal Street
Boston, MA  02110


/s/ Daniel Q. Harrington
DANIEL Q. HARRINGTON

PHILADELPHIA\3055318\1  132682.000