## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PACIFIC INDEMNITY COMPANY, | : | CIVIL ACTION NO. |
| | : | 04-11975(RWZ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALFRED KEMP, Individually and d/b/a | : | |
| KEMP PLUMBING | : | |
| | : | |
| and | : | |
| | : | **PLAINTIFF'S PROPOSED** |
| MARTIN SANDBORG, Individually and d/b/a | : | **JURY INSTRUCTIONS** |
| SANDBORG PLUMBING AND HEATING, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff Pacific Indemnity Company respectfully submits the following proposed jury instructions. Plaintiff also respectfully reserves the right to modify, supplement, or delete these proposed jury instructions prior to the Court's charge to the jury.

Respectfully submitted,

COZEN O'CONNOR

DATED:_____3/26/07_____          BY:___/s/Daniel Q. Harrington_____
                                                    DANIEL Q. HARRINGTON
                                                    1900 Market Street
                                                    Philadelphia, PA  19103
                                                    215-665-2126

                                                    MATTHEW H. FEINBERG
                                                    FEINBERG & KAMHOLTZ
                                                    125 Summer Street, 6th Floor
                                                    Boston, MA  02110
                                                    617-526-0700

                                                    Attorneys for Plaintiff

**<u>Plaintiff's Proposed Instruction No. 1</u>**

You should consider and decide this case as a dispute between persons of equal standing in the community, of legal worth and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

In this regard, the plaintiff in this case was the property insurance company for Roger and Michelle Marino at the time of the fire. Following the fire, the Marinos' insurer, Pacific Indemnity Company, paid the Marinos for the Marinos' losses. Upon making such payment, Pacific Indemnity became subrogated to the rights of the Marinos to proceed against any person who may be responsible for having caused the fire. This right of subrogation arises under law, as well as by the language of the insurance policy. this means that Pacific Indemnity stands in the shoes of its insureds, Roger and Michelle Marino, and can assert all of the rights and claims that the Marinos could have asserted.

In other words, the Marinos' insurer has the right to seek reimbursement from defendants. Because all parties stand equal in the eyes of the law, you are to treat Pacific Indemnity no differently than any other party. You should not penalize the plaintiff for being an insurance company. You are to decide this case no differently than if the Marinos had no insurance. If the plaintiff proves its case by a preponderance of the evidence under the instructions that I give you, you are to find in its favor as you would any other injured party under the same circumstances.


Based on: K. O'Malley, J. Grenig & W. Lee, <u>Federal Jury Practice and Instructions</u>, <u>civil</u>, §103.12 (5th Ed. 2000)(hereafter "O'Malley"); <u>Harvard Trust Co. v. Racheotes</u>, 337 Mass. 73, 75, 147 N.E.2d 817, 818 (1958); <u>Travelers Ins. Co. v. Graye</u>, 358 Mass. 238, 241 (1970); <u>Liberty Mutual Ins. Co. v. National Consolidated Warehouses, Inc.</u>, 34 Mass. App. Ct. 293, 296-296, 609 N.E.2d 1243 (1993).

**Plaintiff's Proposed Instruction No. 2**

Plaintiff Pacific Indemnity Company has the burden in a civil action, such as this, to prove every essential element of Pacific Indemnity's claim by a preponderance of the evidence. If plaintiff Pacific Indemnity should fail to establish any essential element of Pacific Indemnity's claim by a preponderance of the evidence, you should find for defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, Civil, §103.12 (5th Ed. 2000)(hereafter "O'Malley"), §104.01.

**Plaintiff's Proposed Instruction No. 3**

Those of you who have sat on criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

O'Malley §104.03.

**Plaintiff's Proposed Instruction No. 4**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all of the evidence in the case that the proposition is more probably true than not.


O'Malley §104.04.

**<u>Plaintiff's Proposed Instruction No. 5</u>**

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

O'Malley §104.05.

**Plaintiff's Proposed Instruction No. 6**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

O'Malley §104.20.

**Plaintiff's Proposed Instruction No. 7**

Your are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witnesses' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

O'Malley §105.01.

**Plaintiff's Proposed Instruction No. 8**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

O'Malley §105.04.

**Plaintiff's Proposed Instruction No. 9**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a part to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

O'Malley §104.53.

**Plaintiff's Proposed Instruction No. 10**

 The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

 You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

 The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.


O'Malley §104.54.

**Plaintiff's Proposed Instruction No. 11**

The law does not require any party to callas witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

O'Malley §105.11.

**Plaintiff's Proposed Instruction No. 12**

      The testimony of a single witness which produces in your own mind a belief in the likelihood of its truth, is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all of the evidence in this case, you hold greater belief in the accuracy and reliability of that one witness.

      The test is not which side brings the greater number of witnesses, or which presents the greater quantity of evidence but, rather, the test is which witness, and which evidence, appeals to your mind as being the most accurate and otherwise trustworthy.


O'Malley §101.43 and §104.54.

**<u>Plaintiff's Proposed Instruction No. 13</u>**

In this case, plaintiff served on the defendants a written request asking the defendants to admit the truth of certain facts.  This is called a request for admission.  The facts that were expressly admitted by the defendants constitute what are known as admissions.  These admissions are legally binding on the defendants.  They conclusively establish the matters admitted.


Fed. R. Civ. P. 36(b).

**Plaintiff's Proposed Instruction No. 14**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

O'Malley §104.40.

**Plaintiff's Proposed Instruction No. 15**

  Plaintiff Pacific Indemnity claims damages for property damages alleged to have been suffered as a result of defendant Alfred Kemp's negligence.

  "Negligence" is the doing of some act a reasonably prudent person would not do, or the failure to do something a reasonably prudent person would do, when prompted by considerations that ordinarily regulate the conduct of human affairs.  In other words, it is the failure to use ordinary care under the circumstances in the management of one's person or property, or of agencies under one's control.

O'Malley §§20.01, 120.02.

**Plaintiff's Proposed Instruction No. 16**

In this case, we are dealing with that area of the civil law known as the law of negligence. It is a broad area of the law, and it has many applications. Speaking generally, however (and for the moment I am only speaking generally), negligence means the failure to exercise that degree of care that the ordinarily reasonable, cautious, prudent individual would have exercised under all the facts and circumstances existing in some particular situation. More simply stated, negligence is the failure to exercise that degree of care that a reasonable person would exercise under the circumstances. Negligence may be doing something that the ordinarily reasonable, cautions, prudent person would not have done under all the facts and circumstances existing at a particular time and place. It may also be the failure to do something that the ordinarily reasonable, cautious, prudent person would have done under all the facts and circumstances existing at a particular time and place.

You will notice that the standard is not the conduct of the most careful person or of the least careful person, but rather the conduct of an ordinarily reasonable, cautious, prudent person, faced with the same situation and under the same circumstances as the person whose conduct is being considered.

When it is alleged, as it has been in this case, that a person has been negligent, it becomes the duty of the jury to determine on the basis of the evidence just what was the conduct of that person and, having done that, to measure that conduct against the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts or circumstances. If the conduct of that person conforms to what would have been the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts and circumstances, then the jury should find that the person had not been negligent. If, on the other hand, that person either did something that the ordinarily reasonable, cautious, prudent person would not have done, or failed to do something that the ordinarily reasonable, cautious, prudent person would have done, then the jury would be warranted in finding that the person had been negligent.

Massachusetts Jury Instructions – Civil (1999)(hereafter, "MJI – Civil"), §3.1.

**Plaintiff's Proposed Instruction No. 17**

In order to prove the essential elements of plaintiff Pacific Indemnity's claim, the burden in on plaintiff Pacific Indemnity to establish by a preponderance of the evidence the following facts:

> First, that defendant Alfred Kemp was negligent; and
>
> Second, that defendant Alfred Kemp's negligence was a proximate cause of the damages alleged by plaintiff Pacific Indemnity.

O'Malley §120.03.

**Plaintiff's Proposed Instruction No. 18**

In order to recover for negligence against defendant Alfred Kemp, plaintiff Pacific Indemnity must prove that:

    a.    the defendant owed a duty;

    b.    the defendant breached that duty;

    c.    the Marinos suffered damage as a result of defendant's breach of duty; and

    d.    the defendant's breach of its duty was a proximate cause of the damage.

In this case, in order to succeed on its claim of negligence, plaintiff must prove to you, by a preponderance of the evidence, that defendant owed the Marinos a duty of reasonable care, that defendant failed to exercise reasonable care, and that the fire was proximately caused by defendant Alfred Kemp's negligence.

Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 557 N.E.2d 1166, 1168 (1990); Quinby v. Boston & Maine R.R., 318 Mass. 438, 444, 61 N.E.2d 853, 857-58 (1945); see also Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 742 (1978).

**Plaintiff's Proposed Instruction No. 19**

A contractor, such as defendant Alfred Kemp, owes, to all reasonably foreseeable people, such as the Marinos, a duty to exercise reasonable care to avoid injuries or damages arising from his services or work.  As such, I charge you that, as a matter of law, defendant Alfred Kemp owed the Marinos a duty to exercise reasonable care while performing plumbing work.

Piontek v. Perry, 342 Mass. 342, 343, 173 N.E.2d 292, 293 (1961).

**Plaintiff's Proposed Instruction No. 20**

Plaintiff Pacific Indemnity alleges that defendant Alfred Kemp's conduct, at the time and place in question, was negligent in that he failed to take appropriate precautions to prevent his torch from igniting nearby materials.

O'Malley §120.30.

**<u>Plaintiff's Proposed Instruction No. 21</u>**

"Ordinary care" is the care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property, or to avoid injury to persons or the property of others.

O'Malley §120.10.

**Plaintiff's Proposed Instruction No. 22**

Ordinary care is not an absolute term, but a relative one.  In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

O'Malley §120.11.

**<u>Plaintiff's Proposed Instruction No. 23</u>**

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case.  To put it another way, any increase in foreseeable danger requires increased care.

O'Malley §120.12.

**Plaintiff's Proposed Instruction No. 24**

The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened.

Therefore, based on the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in these circumstances.

Massachusetts Superior Court Civil Practice Jury Instructions (1998)(hereafter "MSCCPJI") §2.1.4.

**Plaintiff's Proposed Instruction No. 25**

Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case.

After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant. In determining whether or not the defendant acted with reasonable care, you are to consider not only whether he knew f the risks involved, but also whether he should have known of the risks.

The test is an objective one.

If you find that the defendant did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that the defendant did not breach his duty of reasonable care to the plaintiff, and your verdict will be for the defendant. If, however, you find that the defendant did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the defendant breached his duty of care to the plaintiff.

MSCCPJI §2.1.6.

**Plaintiff's Proposed Instruction No. 26**

When a person undertakes to practice a trade or to do a kind of work that requires some learning, special training or experience, he is obligated to exercise that degree of skill which a reasonably prudent person skilled in such work would exercise in the circumstances.


MJI - Civil §2.15.

**<u>Plaintiff's Proposed Instruction No. 27</u>**

One who has special training and experience in a trade, such as a plumber, has a duty, while acting in his professional capacity toward others who rely upon his special skills, to exercise that skill and degree of care that others in the same trade in that community would ordinarily exercise under the circumstances.

In that regard, when such a person agrees to do certain work, he is charged with the duty of exercising reasonable care and skill in the performance of that work. If that person fails to exercise reasonable care in the performance of that work, then that person or entity has breached his duty and is negligent under the law. If you find Alfred Kemp did not use special skill and reasonable care in the completion of the plumbing work, then you may find that Alfred Kemp was negligent.

Restatement (Second) of Torts, §299A.

**Plaintiff's Proposed Instruction No. 28**

You may consider evidence that a party violated codes, standards, or regulations as some evidence of that party's negligence.


Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 648 N.E.2d 757, review denied, 420 Mass. 1105, 651 N.E.2d 410 (1995); Matteo v. Livingstone, 40 Mass. App. Ct. 658, 666 N.E.2d 1309, review denied, 423 Mass. 1108, 671 N.E.2d 951 (1996).

**Plaintiff's Proposed Instruction No. 29**

You may consider evidence of a party's failure to comply with applicable industry standards as some evidence of that party's negligence.

Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 648 N.E.2d 757, review denied, 420 Mass. 1105, 651 N.E.2d 410 (1995); Matteo v. Livingstone, 40 Mass. App. Ct. 658, 666 N.E.2d 1309, review denied, 423 Mass. 1108, 671 N.E.2d 951 (1996); Torre v. Harris Seybold, 9 Mass. App. Ct. 660, 404 N.E.2d 96, 104-106 (1980); Carney v. Bereault, 304 N.E.2d 448, 453 (1965).

**Plaintiff's Proposed Instruction No. 30**

The plaintiff is allowed to prove a defendant's negligence by circumstantial evidence.

Based on the facts you find, if you determine that such an event would not have happened unless the defendant was negligent, you may infer that the fire was caused by negligence.

In drawing this inference, you must find, either by expert evidence or by your own common knowledge, that the mere occurrence of the fire shows negligence as a cause.

The plaintiff is required to prove certain conditions in order for you to draw this inference.

You may infer that the damages alleged by the plaintiff is caused by negligence of the defendant when:

- the event is of a kind which ordinarily does not occur in the absence of negligence;

- other responsible causes, including the conduct of the Marinos and third persons, are sufficiently eliminated by the evidence; and

- the indicated negligence is within the scope of the defendant's duty to the Marinos.

MSCCPJI §2.1.10

**Plaintiff's Proposed Instruction No. 31**

In ordinary cases, the mere fact that an accident happens does not furnish evidence that the accident was caused by any person's negligence, and the plaintiff must point to some negligent act or omission by the defendant. However, you may find that the fire was caused by defendant Alfred Kemp's negligence if you find:

> First, the fire was proximately [legally] caused by Alfred Kemp's use of a torch;

> Second, that at the time of the fire the torch was under the exclusive control or management of defendant Alfred Kemp, so that defendant had superior means for determining the cause of the fire; and

> Third, that in the normal course of events the fire and ensuing loss would not have occurred without the negligence of the person having control and management of the torch.

Although you may find this, you are not compelled to do so. You should consider all facts and circumstances in evidence and also defendant Alfred Kemp's explanation. Remember that plaintiff Pacific Indemnity has the burden of proving defendant Alfred Kemp's negligence by a preponderance of the evidence.

O'Malley, §120.21.

**Plaintiff's Proposed Instruction No. 32**

      Plaintiff's burden of proof does not require it to eliminate very possible cause of the fire. Rather, plaintiff is required to prove that the fire more probably than not occurred in the fashion plaintiff alleges.

Talkington v. Atria Reclamelveifers Fabrieken BV, 152 F.3d 254, 266 (4th Cir. 1998).

**<u>Plaintiff's Proposed Instruction No. 33</u>**

If you decide that defendant Kemp was negligent, you must then consider whether defendant Kemp's negligent conduct caused the plaintiff's fire. Even if you find that the defendant was negligent, he is not liable to the plaintiff unless his negligence caused the fire. To meet its burden, the plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.

The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about.

It does not matter whether other concurrent causes contributed to the plaintiff's injuries so long as you find that the defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense which requires no further elaboration.

Furthermore, to establish causation, the plaintiff must show that the harm was reasonably foreseeable to a person in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant foresaw, or should have foreseen, the exact manner in which the harm occurred; but plaintiff must show that this harm was a natural and probable consequence of the defendant's negligence.

What that means is that the plaintiff is not required to show the exact cause of the fire or to exclude all possibility that they resulted without the fault of the defendant.

What the plaintiff must show is that the harm was more likely due to the defendant's negligence that to some other cause.

MSCCPJI, §2.1.8.

**Plaintiff's Proposed Instruction No. 34**

The fact that the defendant, at the time of the negligent conduct, neither realized nor should have realized that he might cause harm to another in the particular manner in which the harm occurred, is not of itself sufficient to prevent the defendant from being held liable if the conduct was negligent and was as substantial factor in bringing about the harm.  If the defendant should have realized that his conduct might cause harm to another in substantially the manner in which it was brought about, the harm is regarded as the legal consequence of the defendant's negligence.

MSCCPJI, §2.1.

**Plaintiff's Proposed Instruction No. 35**

If you the jury determine that the defendant was in some way negligent, you must then go on to determine whether that negligence of the defendant was what the law calls a "proximate cause" of the injury of which the plaintiff complains. Negligence, standing by itself, has no legal consequence whatsoever unless it is a proximate cause of the damage alleged by plaintiff. Just as the plaintiff has the burden of proving by a fair preponderance of evidence that the defendant was in some way negligent, plaintiff also has the burden of proving by a fair preponderance of evidence that the negligence of the defendant was a "proximate cause" of the damages alleged.

"Proximate cause" is a term of art. You will not get its true meaning by looking up the two words in a dictionary. It is, nevertheless, a term that has acquired a definite meaning in the law over the years.

"Proximate cause" means a substantial cause. A "proximate cause" is an efficient, producing cause of a particular result. It is perhaps best defined as that which, in a continuous sequence unbroken by any new cause, produces a result, and without which the result would not have occurred. For a negligent act or omission to be a proximate cause of damage, it must be established that the damage would not have occurred but for the negligent act or omission. If the damage would have occurred in any event, regardless of the defendant's negligence, the defendant's negligence cannot be said to have been a proximate cause of that injury. On the other hand, it must also be borne in mind that there may be, and frequently are, more than one "proximate cause" of a plaintiff's injury.

MJI - Civil, §3.2.

**Plaintiff's Proposed Instruction No. 36**

There may be more than one cause of an incident. The plaintiff is not required to show that a defendant was the only cause of the damage, but the plaintiff is required to prove that it is more probable than not that the conduct of the defendant was a substantial contributing cause of the damage.

What is a substantial contributing cause? If the defendant' actions would not have brought about the damage all by themselves, without the intervention of some other person or event, the defendant is still held responsible as a contributing cause of the damage if two conditions are met:

First: The defendant's actions played a direct and substantial part in bringing about the damage; and

Second: A reasonable person in the defendant's position would have foreseen that such actions on his part could result in this kind of damage to the property of someone in the Marinos' position.

If these two conditions are met, then the defendant is liable as a cause of the damage, even if there were other causes which also contributed to producing that result.

Delicata v. Bourlesses, 404 N.E.2d 667 (Mass. App. 1980); Jesionek et al. v. Mass. Port Auth., 378 N.E.2d 995 (Mass. 1978); Model Jury Instructions for Use in the District Court, Instruction 7.04.

**Plaintiff's Proposed Instruction No. 37**

  The law recognizes that there may be more than one proximate cause of injury or damage. Many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

Delicata v. Bourlesses, 9 Mass. App. Ct. 713, 404 N.E.2d 667, 670 (1980); Mullins v. Pine Manor College, 389 Mass. 47, 62-63, 447 N.E.2d 331, 341 (1983); Wallace v. Ludwig, 292 Mass. 251, 198 N.E. 159 (1935); O'Malley, §120.61.

**Plaintiff's Proposed Instruction No. 38**

In determining whether defendants' negligence was a substantial contributing cause of plaintiff's damages, it is not necessary that the defendant should have foreseen the precise harm that occurred, if harm of the same general character was the reasonable and probable result of the defendant's acts or omissions.

Flood v. Southland Corp., 33 Mass. App. Ct. 287, 601 N.E.2d 23, 29 (1992); Luz v. Stop & Shop, 348 Mass. 198, 204, 204 N.E.2d 771, 775 (1964); West v. Molders Foundry Co., 171 N.E.2d 860, 863 (1961); 37 Nolan and Sartorio, Massachusetts Practice, §226, at 374 (1989); In Re: Sponatski, 220 Mass. 526, 530-31, 108 N.E. 466, 467-68 (1915); Hill v. Winsor, 118 Mass. 251, 259 (1875).

**Plaintiff's Proposed Instruction No. 39**

Whenever a contractor agrees to perform work or services for another, he impliedly agrees to perform the work or services in a reasonably diligent, skillful, workmanlike, and adequate manner. This is called the implied warranty of workmanlike performance. A failure to comply with the implied duty to perform in a skillful and workmanlike manner will subject the contributor to liability for the damages resulting from such failure.

The standard of the skill required is the degree of skill, efficiency, and knowledge that is possessed by those of ordinary skill, competency, and standing in the particular trade or business for which the person is employed, and where the contract does not provide for a higher degree of skill, only ordinary skill and the degree of skill adequate to the performance of the undertaking is required. No breach will be found in the contractor performed the work in accordance with industry standards.

The duty to perform in a workmanlike fashion is non-delegable. This means that, if a contractor hires somebody else, such as a subcontractor, to perform work on the contractor's behalf, that the contractor had engaged to perform for a property owner, and the subcontractor fails to perform that work in a workmanlike manner, then the contractor is liable to the property owner for damages which resulted from the subcontractor's failure to perform in a workmanlike manner.

In this case, it is undisputed that Martin Sandborg had agreed to perform plumbing work in the Marinos' carriage house, and that Mr. Sandborg hired Alfred Kemp, as a subcontractor, to perform certain of that work on Mr. Sandborg's behalf, including the work that Mr. Kemp performed in the kitchen of the carriage house. If you find that the plaintiff has proved, by a preponderance of the evidence, that the work Mr. Kemp performed in the carriage house was not performed in a workmanlike manner, and that Mr. Kemp's failure to perform in a workmanlike manner caused damage to the Marinos' property, then you must find that Mr. Sandborg breached

the implied warranty of workmanlike performance, and award plaintiff the damages which you find resulted from the breach. If, on the other hand, you find that plaintiff has failed to prove, by a preponderance of the evidence, that Mr. Kemp failed to perform work at the carriage house in a workmanlike fashion, then you must find that Mr. Sandborg did not breach the implied warranty of workmanlike performance.

MJI - Civil, §2.14; Abrams v. Factory Mutual Ins. Co., 298 Mass. 141, 143, 10 N.E.2d 82, 83 (1937); Previews, Inc. v. Everets, 326 Mass. 333, 335, 94 N.E.2d 626, 268 (1950); 171 Am. Jur.2d Contracts, §612 (2004); National Fire Ins. Co. v. Westgate Construction Co., 227 F. Supp. 835 (D. Del. 1964); W. H. Mills v. Krauss, 114 So.2d 817, 820 (Fla. App. 1959); Pacific Fire Ins. Co. v. Kenny Boiler & Mfg. Co., 201 Minn. 500, 503 277 N.W. 226, 228 (1937); Brooks v. Hayes, 133 Wis.2d 228, 235-238, 395 N.W.2d 167, 170-171 (1986); White Pass Co. v. St. John, 71 Wash.2d 156, 427 P.2d 398, 401-402 (1967); Clear v. Patterson, 80 N.M. 654, 656-657, 459 P.2d 358, 360-361 (1969)..

**Plaintiff's Proposed Instruction No. 40**

Where damage to real property is not permanent, the applicable measure of recovery is the reasonable expense of repairing the damage.

Guaranty First Trust Co. v. Textron, Inc., 416 Mass. 332, 622 N.E.2d 597 (1993).

PHILADELPHIA\2595321\1 132682.000