IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PACIFIC INDEMNITY COMPANY<br>15 Mountain View Road<br>Warren, NJ 07061-1615 | )<br>)<br>) | 3/24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-11975-RWZ |
| ALFRED KEMP, Individually and d/b/a | ) | BBO# 552588 |
| KEMP PLUMBING | ) | |
| P.O. Box 1322 | ) | |
| Pembroke, MA 02359 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARTIN SANDBORG, Individually and d/b/a | ) | |
| SANDBORG PLUMBING AND HEATING | ) | |
| 13 Liberty Street | ) | |
| Sandwich, MA 02563, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S, ALFRED KEMP, INDIVIDUALLY AND D/B/A KEMP
PLUMBING, PROPOSED JURY INSTRUCTIONS**

By his attorney,

/s/ Christopher G. Betke
Christopher G. Betke, BBO# 552588
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

DEFENDANT'S JURY REQUEST NO. 1

(What is Evidence; Stipulations; Judicial Notice)

You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture. The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved. You will have all of the exhibits with you in the jury room. You alone will decide the weight—that is the value—that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff has proved its case. You are not required to believe something simply because it is written on a piece of paper or appears in a photograph. You are not, of course, required to disbelieve it because it appears there. Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits. It is the *weight* of the evidence, its strength in tending to prove the issue at stake, that is important. You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite.

Some things that occur during a trial are *not* evidence and you may *not* consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence; only the answers are evidence. Also, you may not consider any answer that I struck from the record and told you to disregard. Do not consider such answers. You may not consider any item that was marked for identification but was never received in

evidence as an exhibit. Anything that you may have seen or heard when the court was not in session is not evidence.

The opening statements and the closing arguments of the lawyers are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties. My instructions and anything that I have said in passing during the trial are not evidence. If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

Consider the evidence as a whole. Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

The model and supplemental instructions are based in part on *Manual of Model Jury Instructions for the Ninth Circuit,* Instructions 1.04, 1.05, 2.03, 2.04 and 2.05 (1985 ed.) It is the jury's responsibility to determine the weight to be given testimonial evidence (see § 1.11, Credibility of Witnesses, below) or physical evidence. *Commonwealth v. LaCorte*, 373 Mass. 700, 702, 369 N.E.2d 1006, 1008 (1977).

DEFENDANT'S JURY REQUEST NO. 2

(Excluded Question)

During this trial, it is the duty of the attorneys to object to evidence that may not be admissible under our rules of evidence.

If I "sustain" an objection - that is, if I do not allow the witness to answer - you are to disregard that question and you must not wonder or guess about what the answer might have been. An unanswered question is not evidence.

Please note also that a lawyer's question itself, no matter how artfully phrased, is not any evidence. A question can only be used to give meaning to a witness's answer. If a question includes any suggestions or insinuations, you are to ignore them unless I permit the witness to answer and the witness confirms those suggestions.

All of this comes down to a simple rule: testimony comes from the witnesses, not from the lawyers.

*Commonwealth v. Repoza*, 382 Mass. 119, 131, 414 N.E.2d 591, 598 (1980); *Commonwealth v. Paradiso*, 368 Mass. 205, 208 n.2, 330 N.E.2d 825, 827 n.2 (1975); *Commonwealth v. Bailey*, 12 Mass.App.Ct. 104, 106 n.2, 421 N.E.2d 791, 793 n.2 (1981).

3

DEFENDANT'S JURY REQUEST NO. 3

(Credibility of Witnesses)

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* [he/she] says it that might give you a clue whether or not to accept [his/her] version of an event as believable. You may consider a witness's character, [his/her] appearance and demeanor on the witness stand, [his/her] frankness or lack of frankness in testifying, whether [his/her] testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether [his/her] memory seems accurate.

You may also consider [his/her] motive for testifying, whether [he/she] displays

4

any bias in testifying, and whether or not [he/she] has any interest in the outcome of the

case.

       The credibility of witnesses is always a jury question, *Lupia v. Marino*, 353 Mass. 749, 749, 231 N.E.2d 16, 16 (1967) (rescript opinion); *Commonwealth v. Sabean*, 275 Mass. 546, 550, 176 N.E. 523, 524 (1931); *Commonwealth v. Bishop*, 9 Mass.App.Ct. 468, 471, 401 N.E.2d 895, 898 (1980), and no witness is incredible as a matter of law, *Commonwealth v. Hill*, 387 Mass. 619, 623-24, 442 N.E.2d 24, 27-28 (1982); *Commonwealth v. Haywood*, 377 Mass. 755, 765, 388 N.E.2d 648, 654-55 (1979). Inconsistencies in a witness's testimony are a matter for the jury, *Commonwealth v. Clary*, 388 Mass. 583, 589, 447 N.E.2d 1217, 1220-21 (1983); *Commonwealth v. Dabrieo*, 370 Mass. 728, 734, 352 N.E.2d 186, 190 (1976), *Rintone v. Mass. Bay Transp. Auth.*, 3 Mass.App.Ct. 759, 759, 329 N.E.2d 139 (1975) (rescript) (citing *Garland v. Stetson*, 292 Mass. 95, 97-98, 197 N.E.2d 679 (1935)). which is free to accept testimony in whole or in part, *Commonwealth v. Fitzgerald*, 376 Mass. 402, 411, 381 N.E.2d 123, 131 (1978). Disbelief of a witness is not affirmative evidence of the opposite proposition. *Commonwealth v. Swartz*, 343 Mass. 709, 713, 180 N.E.2d 685, 687 (1962).

DEFENDANT'S JURY REQUEST NO. 4

(Supplemental Instructions)

(a) *Jurors' Common Sense*

You are to use all of your common sense, experience and good judgment in evaluating the evidence.

(b) *Interested Witnesses*

The fact that a witness may have some interest in the outcome of this case does not mean that the witness is not trying to tell you the truth as that witness recalls it or believes it to be. But the witness's interest is a factor that you may consider along with all the other factors.

(c) *Number of Witnesses*

The weight of the evidence on each side does not necessarily depend on the number of witnesses testifying for one side or the other. You are going to have to determine the credibility of each witness who has testified, and then reach a verdict based on all the believable evidence in the case. You may come to the conclusion that the testimony of a smaller number of witnesses concerning some fact is more believable than the testimony of a larger number of witnesses to the contrary.

*Commonwealth v. McCauley*, 391 Mass. 697, 703 n.5, 464 N.E.2d 50, 54 n.5 (1984); Committee on Pattern Jury Instructions, District Judges Ass'n of the Eleventh Circuit, *Pattern Jury Instructions-Criminal Cases* § 5 (1985 ed.).

(d) *Discrepancies in Testimony*

Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, that may or may not cause you to discredit such testimony.

Innocent mistakes of memory do happen—sometimes people sometimes forget

6

things, or get confused, or remember an event differently. In weighing such
discrepancies, you should consider whether they involve important facts or only minor
details, and whether the discrepancies result from innocent lapses of memory or
intentional falsehoods.

*United States v. Jones*, 880 F.2d 55, 67 (8th Cir. 1989); Charrow & Charrow, "Making Legal
Language Understandable: A Psycholinguistic Study of Jury Instructions," 79 Colum.L.Rev. 1306, 1345-46
(1979); *Manual of Jury Instructions for the Ninth Circuit*, Instruction 3.08 (1985 ed.).

DEFENDANT'S JURY REQUEST NO. 5

(Impeachment by Prior Inconsistent Statement -
Effect of Witness's Inconsistent Statements)

When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from [his/her] present testimony at trial.  It is for you to say how significant any difference is. The earlier statement is *not* itself evidence of any fact that is mentioned in it.

A witness may be impeached by contradictory evidence, or by evidence that at some time the witness has said or done something, or has failed to say or do something, which is inconsistent with that witness' present testimony.

If you believe that any witness has made inconsistent statements, it is your exclusive role to give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness' testimony in other matters and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

To repeat, if a witness's earlier statement is not consistent with [his/her] present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand. The prior statement is relevant *only* as to the witness's credibility, and you may *not* take it as proof of any fact contained in it.

8

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> §73.04 at 56 (4th ed. 1987); *Commonwealth v. Repoza*, 382 Mass. 119, 131, 414 N.E.2d 591, 598 (1980); *Commonwealth v. Paradiso*, 368 Mass. 205, 208 n.2, 330 N.E.2d 825, 827 n.2 (1975); *Commonwealth v. Bailey*, 12 Mass.App.Ct. 104, 106 n.2, 421 N.E.2d 791, 793 n.2 (1981).

<u>DEFENDANT'S JURY REQUEST NO. 7</u>

(Equal Possibilities Do Not Satisfy Burden)

The burden of proof on any issue has not been carried if you are not satisfied, or if you are not certain, as to what the facts concerning that issue are. Furthermore, if it is just as reasonable to suppose that the cause of the plaintiff's harm is one for which the defendant is not responsible as it is one for which the defendant is responsible, then you must find for the defendant.

<u>Burrelli v. Top Value Enterprises</u>, 356 Mass. 110, 113 (1969); <u>Kenny v. Sears, Roebuck & Co.</u>, 355 Mass. 604 (1969); <u>Maurice v. Ween</u>, 258 Mass. 178, 180 (1927); Nolan and Sartorio, <u>Tort Law</u> §226 (2d ed. 1989).

11

<u>DEFENDANT'S JURY REQUEST NO. 9</u>

(Speculation is Insufficient)

In order to recover against the defendant, the plaintiff must prove that the defendant caused the complained of harm. This is an affirmative burden and the plaintiff is not entitled to build a case on speculation and conjecture. The plaintiff must show by a preponderance of the evidence that the harm it alleges resulted from some conduct on the part of the defendant rather than from any other cause.

<u>Ricci v. Alternative Energy, Inc. et al.</u>, 211 F.3d 157, (1st Cir. 2000); <u>Lynch, et al. v. Merrell-National Laboratories, Div. of Richardson-Merrell, Inc.</u>, 830 F.2d 1190, 1196 (1st Cir. 1987); <u>Payton, et al. v. Abbott Labs, et al.</u>, 780 F.2d 147, 156 (1st Cir. 1985); <u>Railway Express Agency, Inc. v. Finn</u>, 124 F.2d 892, 894 (1st Cir. 1942); <u>Garside v. Osco Drug, Inc. et al.</u>, 1989 U.S. Dist. LEXIS 17765 *2 (D.Mass. 1989).

"A verdict may not be based on conjecture and surmise, and expert opinion does not help if it is demonstrated that it rests on speculation."

<u>Payton, et al. v. Abbott Labs, et al.</u>, 780 F.2d 147, 156 (1st Cir. 1985), quoting <u>Swartz v. General Motors Corp.</u>, 378 N.E.2d 61, 65 (Mass. 1978).

"The evidence must contain facts from which reasonable inferences based on probabilities rather than possibilities may be drawn."

<u>Alholm v. Wareham</u>, 371 Mass. 621, 627 (1976).   See <u>Sahagan v. Commonwealth</u>, 25 Mass.App.Ct. 953 (1988).

If you find that the cause of the plaintiff's injuries was outside the control of the defendant then you must find for the defendant.

<u>Mendum v. Massachusetts Bay Transp. Auth.</u>, 1 Mass.App.Ct. 873 (1974).  See <u>Held v. Bail</u>, 28 Mass.App.Ct. 919, 924 (1989) (plaintiff must show that harm resulted from conduct for which defendant responsible).

In sum, any recovery for which the plaintiffs seek in this action must be proven and not left to guess work or speculation.   You are not permitted to award a party

13

judgment based on speculation, that is, something which, although possible, is conjectural or not reasonably certain.

Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346 (1965); Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 636 (1963).

14

DEFENDANT'S JURY REQUEST NO. 10

(Negligence)

Negligence generally is the failure to exercise that degree of care which a reasonable person would exercise in the circumstances.[1] Negligence in its ordinary sense is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on [him/her], that a person of ordinary caution and prudence ought to exercise under the particular circumstances.[2] In this case, you are asked to consider whether the defendant exercised that degree of care which an ordinary, reasonably prudent person would have exercised in like circumstances.[3]

---

[1] *Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 267, 493 N.E.2d 206, 210, review denied, 398 Mass. 1103, 498 N.E.2d 124 (1986) ("Without at least some minimal reference to the reasonable person standard and to the attendant circumstances, however, an instruction does not adequately convey the meaning of negligence." (citations omitted)).

[2] *Beaver v. Costin*, 352 Mass. 624, 626, 227 N.E.2d 344, 345–46 (1967) (citing *Altman v. Aronson*, 231 Mass. 588, 591, 121 N.E.2d 505, 506 (1919)).

[3] *Back v. Wickes Corp.*, 375 Mass. 633, 643, 378 N.E.2d 964, 971 (1978).

## Elements

In order to recover for negligence against the defendant, the plaintiffs must prove by a preponderance of the evidence four essential elements:

1.  that the defendant owed a duty to the plaintiffs;

2.  that the defendant breached that duty;

3.  that the plaintiffs has suffered injury or damage; and

4.  that the defendant's breach of its duty was a cause of the plaintiffs' injury or damage.[1]

15

[1] *Scott v. Thompson*, 5 Mass.App.Ct. 372, 374, 363 N.E.2d 295, 296 (1977); *Beaver v. Costin*, 352 Mass. 624, 626, 227 N.E.2d 344 (1967). Where economic loss is the only damage claimed, recovery is not allowed under a theory of negligence. *See Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 107, 533 N.E.2d 1350, 1353 (1989); *see also Marcil v. John Deere Indus. Equip. Co.*, 9 Mass.App.Ct. 625, 629–31, 403 N.E.2d 430, 433–35 (1980).

16

<u>DEFENDANT'S JURY REQUEST NO. 11</u>

(Expert testimony)

During the course of this trial you have heard opinion testimony from expert witnesses. You are to determine the expertise of any witness who testified and give the opinion testimony of that witness such weight as you deem appropriate in your determination of the facts of this case.[1]

In addition to the factors to be considered in evaluating the credibility of any witness, you may consider the expert witness's education, experience and knowledge, if any, in [his/her] field of expertise.

A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts which do not tend toward that conclusion any more than a contrary one has no evidentiary value and should be disregarded.[2] Furthermore, an expert opinion is not beneficial if it rests on assumed facts which you do not accept as true.

[1] *Haggerty v. McCarthy*, 344 Mass. 136, 139–41, 181 N.E.2d 562, 565 (1962).

[2] *Kennedy v. U-Haul Co., Inc.*, 360 Mass. 71, 271 N.E.2d 346 (1971). *See also Swartz v. General Motors Corp.*, 375 Mass. 628, 378 N.E.2d 61 (1978).

17

<u>DEFENDANT'S REQUEST NO. 12</u>

(Spoliation of Evidence)

A party that reasonably anticipates litigation has an affirmative duty to preserve all relevant evidence.  A party cannot intentionally or negligently destroy relevant evidence.  If you find that the plaintiff, after having knowledge that it might pursue a lawsuit against the defendant, failed to preserve relevant evidence from the fire scene without giving the defendant an opportunity to examine that evidence prior to its destruction, you may assume that that evidence would have been unfavorable to the plaintiff's position.

<u>Linnen v. A.H. Robins Co., Inc.</u>, 10 Mass. L. Rptr. 189 (Mass. Super. 1999); <u>Howell v. Maytag</u>, 168 F.R.D. 502 (M.D.Pa 1996) (cited favorably in <u>Morin v. Holmes Products Corp.</u>, 11 Mass. L. Rptr. 412 (Mass. Super. 2000) and <u>Townsend v. American Insulated Panel Co., Inc.</u>, 174 F.R.D. 1, 4 (D.Mass. 1997)).

18

<u>DEFENDANT'S JURY REQUEST NO. 13</u>

(Property Damage)


    The general rule for measuring property damage is diminution in market value.

Diminution in market value is measured by the difference between the fair market value

of the property prior to the loss and its fair market value after the loss.


    <u>Trinity Church v. John Hancock Mut. Ins. Co.</u>, 399 Mass. 43, 48, 502 N.E.2d 532, 533 (1987); <u>Hopkins v. Am. Pneumatic Serv. Co.</u>, 194 Mass. 582, 583, 80 N.E. 624 (1907); <u>Newton Girl Scout Counsel v. Massachusetts Turnpike Auth.</u>, 335 Mass. 189 (1967).

19