IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 11975RWZ

3/24

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| ALFRED KEMP, Individually and d/b/a KEMP PLUMBING, | ) |
| | ) |
| AND | ) |
| | ) |
| MARTIN SANDBORG, Individually and d/b/a SANDBORG PLUMBING and HEATING, | ) |
| | ) |
| Defendants | ) |

### REQUEST OF DEFENDANT MARTIN SANDBORG, INDIVIDUALLY AND d/b/a SANDBORG PLUMBING AND HEATING, FOR INSTRUCTIONS TO THE JURY

The Defendant Martin Sandborg, Individually and d/b/a Sandborg Plumbing and Heating (hereinafter "Sandborg"), respectfully requests that the Court instruct the jury as follows:

1. The Complaint alleges that by undertaking to perform plumbing work at the building where the fire broke out (the "Subject Building"), the Defendant Sandborg impliedly warranted that such work would be performed in a "proper, safe and workmanlike fashion, in conformance with the governing and generally accepted practices in Sandborg's trade" [Count II, para. 16 of the Complaint]. The Complaint goes on to allege that Sandborg breached this implied warranty of workmanlike performance, and that this breach caused the fire at the Subject Building

1

and Plaintiff's resulting damages [Count II, para. 17 of the Complaint]. This allegation that Sandborg breached the implied warranty of workmanlike performance is the only claim made by the Plaintiff in its Complaint against Sandborg.

2. Under Massachusetts law, the implied warranty of workmanlike performance can be best explained as follows: "When a party binds himself by contract to do a work or perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it."

> Klein v. Catalano, 386 Mass. 701, 720, 437 N.E.2d 514, 526 (1982), citing George v. Goldman, 333 Mass. 496, 497, 131 N.E.2d 772 (1956), quoting Abrams v. Factory Mutual Liability Insurance Co., 298 Mass. 141, 143, 10 N.E.2d 82 (1937).

3. Another way of explaining the implied warranty of workmanlike performance is as follows: When a person undertakes to do a kind of work that requires a particular skill, some learning, special training or experience, he is obligated to exercise that degree of skill which a reasonably prudent person skilled in such work would exercise in the circumstances.

> Massachusetts Jury Instructions, Civil, Section 2.15 (Lexis Law Publishing, 1999).

4. Put another way, a Defendant like Sandborg "impliedly promises to exercise that standard of reasonable care required of members of his profession" or trade.

>Klein v. Catalano, 386 Mass. 701, 718, 437 N.E.2d 514, 525 (1982).

5. Thus, the elements of a Plaintiff's claim that the Defendant breached the implied warranty of workmanlike performance are the same as the elements of a claim that the Defendant was negligent in doing what he did in this case (i.e., in his subcontracting plumbing work to the Defendant Alfred Kemp, Individually and d/b/a Kemp Plumbing)..

>Klein v. Catalano, supra.

6. The Plaintiff has the burden of proving by a preponderance of the evidence that the Defendant Sandborg failed to meet the standard of care required of a reasonably skilled plumber in the circumstances of this case, and that this failure proximately caused the Plaintiff's damages. To meet this burden, the Plaintiff must, by expert testimony, first establish the standard of care applicable to the reasonably skilled plumber in the circumstances of this case. See Herbert A. Sullivan, Inc. v. Utica Mutual Insurance Company, 439 Mass. 387, 402-403, 788 N.E.2d 522, 536 (2003); Atlas Tack Corporation v. Donabed, 47 Mass. App. Ct. 221, 226-227 & n.4, 712 N.E.2d 617, 621 (1999).The Plaintiff must then, by expert testimony, prove by a preponderance of the evidence that the Defendant Sandborg failed to meet this applicable standard of care in doing what he

did in this case (i.e., in his subcontracting plumbing work to the Defendant Alfred Kemp, Individually and d/b/a Kemp Plumbing). See Id. Finally, the Plaintiff must prove that this failure to meet the applicable standard of care proximately caused the Plaintiff's damages.

7. Put another way, the Plaintiff has the burden of proving by a preponderance of the evidence, through expert testimony, (1) the degree of skill which would be required of a reasonably competent plumber in the circumstances of this case; (2) that the Defendant Sandborg failed to exercise that required degree of skill; and (3) that Sandborg's failure proximately caused damages to the Plaintiff.

MARTIN SANDBORG,
INDIVIDUALLY, AND d/b/a
SANDBORG PLUMBING AND
HEATING,
By their attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

_____
Philip T. Tierney, BBO #498120
Stimpson B. Hubbard, BBO #559128
22 Batterymarch Street, 4th Floor
Boston, MA  02109
(617) 348-9200