IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PACIFIC INDEMNITY COMPANY
15 Mountain View Road
Warren, NJ 07061-1615

Plaintiff,

v.

ALFRED KEMP, Individually and d/b/a
KEMP PLUMBING
P.O. Box 1322
Pembroke, MA 02359

and

MARTIN SANDBORG, Individually and d/b/a
SANDBORG PLUMBING AND HEATING
13 Liberty Street
Sandwich, MA 02563,

Defendants.

C.A. No.: 04-11975-RWZ
BBO# 552588
BBO# 649301

**DEFENDANT ALFRED KEMP, INDIVIDUALLY and D/B/A KEMP PLUMBING'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant Alfred Kemp, Individually d/b/a Kemp Plumbing ("Kemp") moves this Court pursuant to Fed.R.Civ.P. 50(a) for Judgment as a Matter of Law against the plaintiff on Count I ("negligence") of the Complaint. As grounds therefore, Kemp states that plaintiff has failed to present legally sufficient evidence to allow a reasonable jury to conclude (1) that Kemp used a plumber's torch on December 19, 2002; (2) that Kemp was negligent, or (3) that any such negligence caused or contributed to the December 20, 2002 fire that is the subject of this lawsuit.

Motions for judgments as a matter of law under Fed.R.Civ.P. 50(a)(1) should be granted where, after having examined the evidence as well as all permissible inferences drawn therefrom in the light most favorable to non-movant, the court finds that a reasonable jury could not render a verdict in that party's favor. Wills v. Brown Univ., 184 F.3d. 20, 28 (1st Cir. 1999); Mangla v Brown Univ. 135 F.3d 80, 82 (1st Cir. 1998); Ed Peters Jewelry Co. v. C &J Jewelry Co., 124 F.3d 252, 261 (1st Cir. 1997); Bobosian v. Mercedes-Benz of North America, Inc., 104 F.3d 472, 475 (1st Cir. 1997); Speen v. Crown Clothing Corp., 102 F.3d 625, 628 (1st Cir, 1996), *cert. den.* 520 U.S. 1276 (1997). In carrying out this analysis the court may not take into account the credibility of witnesses, resolve evidentiary conflicts, nor ponder the weight of the evidence introduced at trial. Ramos v. Davis & Geck, Inc., 167 F.3d 727, 731 (1st Cir. 1999); Alvarez-Fonseca v. Pepsi Cola Bottling Co. of P.R., 152 F.3d 17, 23 (1st Cir. 1998), *cert. den.* 526 U.S. 1123 (1999); Logue v. Dore, 103 F.3d 1040, 1043 (1st Cir. 1997); Speen v. Crown Clothing Corp., supra, at 637; Katz v. City Metal Co., Inc., 87 F.3d 26, 28 (1st Cir. 1996).

In order to overcome a Rule 50 motion, the party carrying the burden of proof must have introduced at trial sufficiently adequate evidence for the jury to determine the plausibility of a particular fact. "Thus, in order to support a jury finding on such an issue, the evidence presented must make the existence of the fact to be inferred more probable than its nonexistence." Alvarez-Fonseca v. Pepsi Cola Bottling Co. of P.R., supra, at 28; Katz, supra, at 28; Richmond Steel, Inc. v. Puerto Rican Am. Ins. Co., 954 F.2d 19, 22 (1st Cir. 1992); Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir. 1991).

In its complaint, plaintiff states that Kemp was negligent in failing to exercise care and caution while soldering and unsoldering the cold water assembly at the Carriage

House located on the Marino property. (See Plaintiff's Complaint at ¶12, 14). Plaintiff's cause and origin expert, Thomas J. Klem, testified that the fire in question was caused by soldering (or unsoldering) that occurred under the kitchen sink at the Carriage House on December 19, 2002. In sum, in order to establish its claim that Kemp was negligent, plaintiff must present evidence that would allow a jury to conclude that it is more probable than not that Kemp was, in fact, soldering in the Carriage House on December 19, 2002.

The only evidence that the plaintiff presented to the jury as to the events that took place at the Carriage House located on the Marino property on December 19, 2002 was the testimony of Sergeant Francis McGinn of the Massachusetts State Fire Marshall's office. Sergeant McGinn testified that he could not rule out forced entry into the premises because the front doors to the Carriage House were totally consumed by the fire. Sergeant McGinn further testified that Kemp denied using a plumber's torch on December 19, 2002. Sergeant McGinn's report (Plaintiff's Exhibit No. 1) reflects that Kemp was not using a plumber's torch on the day of the incident. Plaintiff's Exhibit No. 1 indicates that Kemp told Sergeant McGinn that he did not use his "torch" and "there was no soldering done." (Plaintiff's Exhibit No. 1, ¶7). Phil Shields told Sergeant McGinn that he did not do any soldering and that "he didn't think [Kemp] was doing any soldering either." (Plaintiff's Exhibit 1, ¶8). Sergeant McGinn concluded that the cause of the fire was "undetermined" because "the plumbers and job superintendent state there was no soldering done on Thursday." (See Plaintiff's Exhibit No. 1, ¶14). Accordingly, based on Sergeant McGinn's report, there is no basis by which a reasonable jury could conclude that Kemp did any soldering (or unsoldering) on December 19, 2002.

Plaintiff's plumbing expert, Lester MacLaughlin, testified that while he believes the cold water assembly valve was removed by soldering done by a plumber's torch, he could not say that it was Kemp that did this soldering. Importantly, MacLaughlin testified that he does not contend that Kemp did that soldering, but only that "someone did."

A party "may not rely on conjecture or speculation" to show that an issue should be submitted to the jury, but must present evidence that "makes the existence of the fact to be inferred more probable than its nonexistence." Resare v. Raytheon Co., 981 F.2d 32, 34 (1st Cir. 1992) (internal quotation marks and citations omitted). "[A] mere scintilla of evidence is not enough to forestall a directed verdict, especially on a claim or issue as to which the burden of proof belongs to the objecting party." Fashion House Inc. v. K Mart Corp., 892 F.2d 1076, 1088 (1989); see also Trigano v Bain & Co., 380 F.3d 22, 28-29 (1st Cir. 2004).

Plaintiff's expert theory that the fire in question was started by Kemp's use of a plumber's torch on December 19, 2002 is based on conjecture and speculation. Plaintiff failed to introduce any evidence as to who may have had access to the Carriage House on December 19, 2002. The factual evidence submitted by the plaintiff, which consists solely of Sergeant McGinn's report and testimony, indicates that Kemp was not using a torch on December 19, 2002, and that no one could be identified who was using a torch that day. Accordingly, plaintiff clearly has failed to present legally sufficient evidence to allow a reasonable jury to conclude that Kemp was using a torch on December 19, 2002. At best, plaintiff has merely submitted evidence that "someone" used a torch on

December 19, 2002.[1] Under no reasonable interpretation of the evidence as submitted by the plaintiff could a jury conclude that this "someone" was Kemp. Since plaintiff's evidence as to Kemp using a torch on December 19, 2002 is based entirely on conjecture and speculation, Kemp submits that he is entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a).

It follows from the foregoing that plaintiff has failed to establish that Kemp was negligent, or that any such negligence caused or contributed to the December 20, 2002 fire that is the subject of this lawsuit. Accordingly, Kemp's motion for judgment as a matter of law must be allowed.

WHEREFORE, Alfred Kemp, Individually and d/b/a Kemp Plumbing, requests that his Motion for Judgment as a Matter of Law against the plaintiff on Count I ("negligence") of the Complaint pursuant to Fed.R.Civ.P. 50(a) be allowed.

Defendants,

Alfred Kemp, Individually and d/b/a Kemp Plumbing
By their attorney,

/s/ Andrew R. Ferguson
Christopher G. Betke, BBO# 552588
Andrew R. Ferguson, BBO#649301
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

[1] This is only if the evidence is viewed in the light "most" favorable to the plaintiff.

**CERTIFICATE OF SERVICE**

I, Andrew R. Ferguson, hereby certify that on March 29, 2007, I served a copy of the within document via electronic filing to: Matthew H. Feinburg, Esq., Feinberg & Kamholtz, 125 Summer Street, 6th Floor, Boston MA 02110; Daniel Q. Harrington, Esq., Cozen & O'Connor, 1900 Market Street 3rd Floor, Philadelphia, PA 19103; Philip Tierney, Esq., Finnegan, Underwood, Ryan & Tierney, 22 Batterymarch Street, Boston, MA 02109.

/s/ Andrew R. Ferguson
Andrew R. Ferguson