IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY )<br>15 Mountain View Road )<br>Warren, NJ 07061-1615 )<br>     )<br>     Plaintiff, )<br>     )<br>v.   )<br>ALFRED KEMP, Individually and d/b/a )<br>KEMP PLUMBING )<br>P.O. Box 1322 )<br>Pembroke, MA 02359 )<br>     )<br>     and )<br>     )<br>MARTIN SANDBORG, Individually and d/b/a )<br>SANDBORG PLUMBING AND HEATING )<br>13 Liberty Street )<br>Sandwich, MA 02563, )<br>     )<br>     Defendants. )<br>     ) | C.A. No.: 04-11975-RWZ<br>BBO# 552588 |

**DEFENDANT'S, ALFRED KEMP, INDIVIDUALLY AND D/B/A KEMP PLUMBING, SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

By his attorney,

/s/ Andrew R. Ferguson
Christopher G. Betke, BBO# 552588
Andrew R. Ferguson, BBO# 649301
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

DEFENDANT'S JURY REQUEST NO. 1

(May Be Negligent, But Not Liable)

"A person may be negligent in her conduct or in her failure to act towards one to whom she owes a duty and not be liable for negligence." In order for a plaintiff to recover, the plaintiff must prove a causal connection between the defendant's negligence and the injury or damage which she suffers."

      Nolan and Sartorio, Tort Law, §225 at 369 (2d ed. 1989). See Jenkins v. Uniroyal, Inc., 668 F. Supp. 56, 61 (D. Mass. 1987).

Under the law, defendants are not liable for injuries caused by their conduct, unless the conduct was a direct and proximate cause of the injuries allegedly sustained by the plaintiff. In the present case, if you find that the defendant was negligent, but that such negligence was not a proximate cause of the injuries of the plaintiff, then you must return a verdict for the defendant.

      Nolan and Sartorio, supra at §225. See Gilhooley v. Star Market Co., 400 Mass. 205 (1987).

<u>DEFENDANT'S SUPPLEMENTAL JURY REQUEST NO. 2</u>

(Negligence Irrelevant Unless Cause of Injuries)

Negligence is of no consequence unless it was the proximate cause of the plaintiff's injuries.

<u>Jenkins v. Uniroyal, Inc.</u>, 668 F. Supp. 56,61(D.Mass. 1987); Nolan and Sartorio, <u>Tort Law</u> §225 at 3G9 (2d ed. 1989).  <u>See e.g. Ferragamo v. Mass. Bay Trans-D. Authority</u>, 395 Mass. 581 (1985).

DEFENDANT'S SUPPLEMENTAL JURY REQUEST NO. 3

(Incident, Injury Create No Inference)

The mere fact that an incident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence.

3 Devitt, Blackmar and Wolff, Federal Jury Practice & Instructions, Section 80.07 at 141 (4th ed. 1987).

The mere happening of an incident, in and of itself, is not evidence of negligence.

Swartz v. General Motors Corp., 375 Mass. 628, 633 (1978); Maher v. General Motors Corp., 370 Mass. 231, 234 (1976); Wardwell v. George H. Taylor Co., 333 Mass. 302 (1955).

The fact that injuries may have occurred and that defendant is now here in Court creates no inference, and provides no evidence, that they were negligent under the circumstances.

Borysewicz v. Dineen, 302 Mass. 461 (1939); Tallen v. Spellman, 302 Mass. 1979 (1939).