IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 11975RWZ

| | |
|---|---|
| PACIFIC INDEMNITY COMPANY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| ALFRED KEMP, Individually and d/b/a KEMP PLUMBING, | ) ) |
| | ) |
| AND | ) |
| | ) |
| MARTIN SANDBORG, Individually and d/b/a SANDBORG PLUMBING and HEATING, | ) ) ) |
| | ) |
|     Defendants | ) |

**MOTION OF DEFENDANT MARTIN SANDBORG, INDIVIDUALLY AND d/b/a SANDBORG PLUMBING AND HEATING, FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to F.R.C.P. 50(a), the Defendant Martin Sandborg, Individually and d/b/a Sandborg Plumbing and Heating (hereinafter "Sandborg"), moves for Judgment as a matter of law against the Plaintiff on Count II of the Complaint because the Plaintiff's claim set forth therein against the Defendant Sandborg cannot under controlling Massachusetts law be maintained without a favorable finding for the Defendant Sandborg on that Count.

More particularly, the grounds for this Motion are as follows:

1. The Plaintiff has failed to prove through expert testimony what the applicable standard of reasonable care is in this case for the Defendant Sandborg. The evidence is, therefore, insufficient as a matter of law to

1

warrant or support a verdict that the Defendant Sandborg breached the implied warranty of workmanlike performance.

> See, with respect to the implied warranty, Klein v. Catalano, 386 Mass. 701, 718-720, 437 N.E.2d 514, 525 (1982).
>
> See, with respect to the need for expert testimony, Herbert S. Sullivan, Inc. v. Utica Mutual Insurance Company, 439 Mass. 387, 402-403, 788 N.E.2d 522, 536 (2003); Atlas Tack Corporation v. Donabed, 47 Mass. App. Ct. 221, 226-227 & n.4, 712 N.E.2d 617, 621 (1999).

2. The Plaintiff has failed to prove through expert testimony that in the circumstances of this case, the Defendant Sandborg failed to do a workmanlike job and to use reasonable and appropriate care and skill in doing what he did. The evidence is, therefore, insufficient as a matter of law to warrant or support a verdict that the Defendant Sandborg breached the implied warranty of workmanlike performance.

> See Klein v. Catalano, 386 Mass. 701, 720, 437 N.E.2d 514, 526 (1982); George v. Goldman, 333 Mass. 496, 497, 131 N.E.2d 772 (1956); Abrams v. Factory Mutual Liability Insurance Co., 298 Mass. 141, 143, 10 N.E.2d 82 (1937).
>
> See, with respect to the need for expert testimony, Herbert S. Sullivan, Inc. v. Utica Mutual Insurance Company, 439 Mass. 387, 402-403, 788 N.E.2d 522, 536 (2003); Atlas Tack Corporation v.

> <u>Donabed</u>, 47 Mass. App. Ct. 221, 226-227 & n.4, 712 N.E.2d 617, 621 (1999)

3. The evidence is insufficient as a matter of law to warrant or support a verdict that the Defendant Sandborg breached the implied warranty of workmanlike performance.

4. The evidence is insufficient as a matter of law to warrant or support a verdict that any breach by the Defendant Sandborg of the implied warranty of workmanlike performance proximately caused the Plaintiff's damages.

>> MARTIN SANDBORG, INDIVIDUALLY, AND d/b/a SANDBORG PLUMBING AND HEATING,
>> By their attorneys,
>>
>> *FINNEGAN, UNDERWOOD, RYAN & TIERNEY*
>>
>> /s/ *Philip T. Tierney*
>> Philip T. Tierney, BBO#498120
>>
>> /s/ *Stimpson B. Hubbard*
>> Stimpson B. Hubbard, BBO#559128
>> 22 Batterymarch Street, 4th Floor
>> Boston, MA  02109
>> (617) 348-9200

3